EXHIBIT 2

10/20/24, 12:19 PM
Robert F. Kennedy Human Rights Mail - RE: URGENT- Nersisian, Ermine ... -Ermine Should be Immediately Released from Detenti...
Case 2:24-cv-02519 Document 1-9 Filed 10/21/24 Page 2 of 46



Sarah Gillman <gillman@rfkhumanrights.org>

---

**RE: URGENT- Nersisian, Ermine 249 375 719-Ermine Should be Immediately Released from Detention-She Nearly Fell on 10/13, has Numbness in Her Extremities and the Outside Medical Provider She Was Taken to on 10/13 Advised that They Cannot Treat Her Condi...**

Sarah Gillman <gillman@rfkhumanrights.org>                                                                              Thu, Oct 17
To: "Metoyer, Jacques T" <Jacques.T.Metoyer@ice.dhs.gov>
Cc: "Harper, Mellissa B" <Mellissa.B.Harper@ice.dhs.gov>, "Ladwig, Scott G" <Scott.G.Ladwig@ice.dhs.gov>, "McCullough, Brant L" <Brant.L.McCullough@ice.dhs.gov>, "Holland, David B" <David.B.Holland@ice.dhs.gov>, "Arvie, Jamien" <Jamien.Arvie@ice.dhs.gov>, "Hinken, Anna" <ANNA.HINKEN@hq.dhs.gov>, DHS-OIG Office of Public Affairs <DHS-OIG.OfficePublicAffairs
<Shoba.Sivaprasad Wadhia, Shoba" <shoba.sivaprasadwadhia@hq.dhs.gov>, OIDO_Outreach <OIDO_Outreach@hq.dhs.gov>, Andrew Perry <aperry@laaclu.org>, "nahmed@laaclu.org" <nahmed@
Sarah Decker <decker@rfkhumanrights.org>, My Khanh Ngo <MNgo@aclu.org>, "Tosado, Rebekah" <Rebekah.Tosado@hq.dhs.gov>, "FELL, STEPHANIE" <STEPHANIE.FELL@hq.dhs.gov>
McNulty, Claire" <Claire.Trickler-McNulty@hq.dhs.gov>, "Murray, Royce" <ROYCE.MURRAY@hq.dhs.gov>

Dear AFOD Metoyer:
Thank you for finally sending a decision on the Fourth Request for release.   The Fourth Request for release was submitted on October 1, 2024 (16 days ago) and the denial is identical to the denials that fail to provide any individualized determination of Ermine's request and does not consider Section 504.

Will you also be transmitting the requested records?

Sarah.
**Sarah T. Gillman**
Director of Strategic U.S. Litigation
U.S. Advocacy & Litigation
Robert F. Kennedy Human Rights
E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Thu, Oct 17, 2024 at 5:05 PM Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov> wrote:

   Please see attached.

   **Jacques T. Metoyer, MSCJ**

   Assistant Field Office Director

   New Orleans Field Office

   Enforcement and Removal Operations

   U.S. Immigration & Customs Enforcement

   Telephone: (318)335-7567

   Work Cell: (318)485-1227

   1010 East Whatley Rd.

   Oakdale, LA. 71463

   Jacques.T.Metoyer@ice.dhs.gov

---

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Thursday, October 17, 2024 3:06 PM
**To:** Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>
**Cc:** Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov>; Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>; McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov
David B <David.B.Holland@ice.dhs.gov>; Arvie, Jamien <Jamien.Arvie@ice.dhs.gov>; Hinken, Anna <ANNA.HINKEN@hq.dhs.gov>; DHS-OIG Office of Public Affairs
OIG.OfficePublicAffairs@oig.dhs.gov>; Sivaprasad Wadhia, Shoba <Shoba.Sivaprasad Wadhia@hq.dhs.gov>; OIDO_Outreach <OIDO_Outreach@hq.dhs.gov>; Andre
<aperry@laaclu.org>; nahmed@laaclu.org; Sarah Decker <decker@rfkhumanrights.org>; My Khanh Ngo <MNgo@aclu.org>; Tosado, Rebekah <Rebekah.Tosado@hq
FELL, STEPHANIE <Stephanie.Fell@hq.dhs.gov>; Trickler-McNulty, Claire <claire.trickler-mcnulty@ice.dhs.gov>; Murray, Royce <royce.murray@hq.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719-Ermine Should be Immediately Released from Detention-She Nearly Fell on 10/13, has Numbness in Her Extre
the Outside Medical Provider She Was Taken to on 10/13 Advised that They Cannot Treat Her Condi...

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing
If the button is not present, click here and follow instructions.

---

Good afternoon FOD Harper and DFOD Ladwig:

I am writing once again to follow up on my emails and the Fourth Request for release that was submitted on October 1, 2024.

Also, I am writing to advise that Ermine should be released and not transferred to an inpatient mental health facility.  On this date, Ermine's family spoke to her and Ermine believes that som
by the government met with her and said that she should be transferred to a mental health facility.  As the Shin Letter makes clear, her mental health is directly impacted by the fact that she

10/20/24, 12:19 PM — Robert F. Kennedy Human Rights Mail - Ermine Nersisian - Health and Safety at Risk Must be Immediately Released from Detenti…

Case 2:24-cv-02519 Document 1-9 Filed 10/21/24 Page 3 of 46

custody of ICE and related to the fact that her physical health is deteriorating and not being treated. SAs is abundantly clear in the Shin Letter, Ermine should be released from detention so with her family and get the appropriate medical care in the community. See below

***Removing the exacerbating stressor (i.e. indefinite detention and separation from her loved ones and sources of support) are likely to play a significant role in her recovery. Otherwise, a prolonged and potentially life-long experience of debilitating pain, depression and anxiety that could become worse, leading to lifelong impairment, disability, worsening obesity, and also mental health decompensation not limited to severe refractory depression, impulsivity and suicidality***

***need to be considered***

**Transferring Ermine to an inpatient mental health facility that is akin to another detention facility violates Section 504 because it is not a reasonable accommodation but rather recommendations of Dr. Shin. It strains credulity and is contrary to the law that ICE has denied release to Ermine-she passed her CFI and has USC family members in the Unite Simply put, ICE's detention and decision to continue to detain Ermine is the reason that her mental health is deteriorating.**

I have repeatedly requested that ICE provide me with the medical records from the outside medical providers, the documents that Ermine was made to sign in relation to the tuberculosis ou medication that she was made to take related to the tuberculosis outbreak. As of today, I have not received any of the requested documents.

Please advise 1) whether ICE intends to transfer Ermine, 2) whether ICE is going to issue a response to the Fourth Request for release that is supported by the Shin Letter and 4) when ICE provided the requested documents which can be transmitted to RFK Human Rights given the fact that we have a G28 and ICE Privacy Waiver on file.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Wed, Oct 16, 2024 at 2:59 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon FOD Harper:

I am writing to once again follow up on the request for Ermine to be released. RFK Human Rights has not received a response to the Fourth Request for release that is supported by an e opinion.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Mon, Oct 14, 2024 at 1:15 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon FOD Harper:

I am writing to once again request that Ermine be immediately released from detention.

Ermine contacted me on this date and relayed the following:

- On Sunday, October 13, 2024, Ermine nearly fell while going to the bathroom. Her left completely gave out as she was trying to go to the toilet. She could not catch herself because her arm and entire left side-as we have relayed are not functioning. The only reason that she did not fall is because the other woman in the dorm assisted her. Ermine was crying in excruciating pain that finally someone at Basile called for transport for her to go to an outside medical provider-upon information and belief it was a hospital. She was in so much pain she did not recall the name of the hospital or the medical person that spoke with her. She also did not recall the time of day that she was taken to the hospital. **We had requested that she be taken to the hospital on Friday, October 11, 2024-but for the other woman in her dorm she would have suffered a fall.**
- Ermine met with a medical person at the hospital and has a hernia in my spine and cervical spine that requires an MRI and treatment but that the outside medical provider could
- The outside medical provider related to Ermine that the only treatment that he could provide was a shot and pain medicine but that she needed additional medical attention to address the hernia. **Ermine is having numbness in her extremities as a result of the extremities which is extremely concerning and should be immediately attended to.**
- Ermine was not given a copy of the records or the name of the medical provider and was told by Basile that she had to make a request. Therefore, I am making the request that I be provided with any and all documents produced by the outside medical provider.
- The shot and the pain medication are not sufficient to treat Ermine's condition. The Shin Letter makes this clear.
- Her legs and arms were going numb as I spoke to her during the phone call today. Ermine can barely walk.
- Ermine cried during the call today.

I also continue my request made yesterday to be provided with the paperwork and name of medications that were given to Ermine and also continue to request information regarding w a tuberculosis outbreak in the jail.

I also request that I be provided with another legal call tomorrow and Wednesday with Ermine-it would be great if Basile could let me know the time of the legal call to ensure that I am

Thank you FOD Harper and I look forward to hearing from you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Sun, Oct 13, 2024 at 3:49 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon ICE NOLA:

I am writing once again about Ermine. Her family just contacted me and advised the following:

- She has not been taken to the hospital. Upon information and belief, ICE NOLA has not approved the request to go to the hospital. Ermine continues to be in exc as is set forth in the email that I sent on Friday and should be immediately taken to a hospital. Ermine should not be detained but ICE NOLA has refused to releas therefore ICE NOLA must provide for her medical care including, but not limited, to taking her to a hospital where imaging and evaluation can be done of the area that are causing excruciating and debilitating pain.
- On or about yesterday evening, Ermine was told she had to go to the medical unit to sign papers and take pills. Ermine did not receive any translation of why she the medical office or take pills. Because Ermine is not physically able to move without experiencing debilitating pain, someone employed by ICE NOLA/Basile can with five pills and paperwork that Ermine had to take and made to sign the paperwork. Ermine did not receive any translation in a language that she can u did not receive information consent. Ermine asked the other women in the dorm who speak some English what was going on and why papers were being brought were being brought and her understanding is that there is an outbreak of tuberculosis at Basile. **I request that ICE NOLA confirm whether there is a tuberculosis Basile and provide the papers that Ermine was made to sign without any translation and the name of the pills that she was made to take?**

I requested legal calls with Ermine for next week and was told that there was no availability until Friday. I request that ICE NOLA ensure a legal call with Ermine for either today or to can speak with my client. Ermine has the right to access counsel and the courts and the fact that Basile does not have the capacity to accommodate the number of legal calls in rela population directly violates Ermine's right to counsel and the Courts.

ICE NOLA has still not responded to the 4th Request for Release that is supported by the Shin Letter and that I am attaching hereto again.

Thank you and I look forward to a response to this email.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

10/20/24, 12:19 PM     Robert F. Kennedy Human Rights Mail - Document 1-9 ... Filed 10/21/24 ... Ermine ... should be Immediately Released from Detenti...

Case 2:24-cv-02519 Document 1-9 Filed 10/21/24 Page 5 of 46

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Oct 11, 2024 at 6:38 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Resending to include Claire Trickler-McNulty Claire and Royce Murray from HQ.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Oct 11, 2024 at 6:34 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good evening ICE NOLA:

Ermine's family just advised me that Ermine has not been taken to the hospital/medical facility. Ermine should be immediately taken to a hospital so that imaging can be done professionals to determine the source of the radiating pain that she is now experiencing in her right arm that is causing her right hand to go numb. Imaging should also be done and leg. Rather than take Ermine to a hospital she was given pain numbing medication which does not address the source of the medical issue that is causing Ermine's pain a results in her being put on highly addictive opioid based drugs.

Please advise if ICE NOLA intends to take Ermine to a hospital immediately. The "medical unit" at Basile cannot address this medical situation and the Shin Letter is clear and the medical situation that Ermine has and the prospect if she continues to be denied medical care and confined in detention.

**Ermine should not be detained as we have repeatedly set forth and as is confirmed by a doctor who is an expert and has offered a clear expert opinion.** *See* Shin L

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**

10/20/24, 12:19 PM          Robert F. Kennedy Human Rights Mail - Ermine Nersisian Needs to be Immediately Released from Detenti…

Case 2:24-cv-02519   Document 1-9   Filed 10/21/24   Page 6 of 46

SHAPE HISTORY.

On Fri, Oct 11, 2024 at 12:02 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Dear ICE NOLA:

I just spoke with Ermine on a legal call. She could barely speak because she cried the entirety of the call due to excruciating pain that precluded her from sleeping at all last addition to the pain that she has radiating on her left side from the left hip through the leg she now has developed a new issue with her right arm that is in such severe pain t not sleep. She relayed that her right hand is completely numb.

Ermine should be immediately taken to a hospital so that imaging can be done by medical professionals to determine the source of the radiating pain that she is now experie right arm that is causing her right hand to go numb. Imaging should also be done of her left hip and leg.

Ermine should not be detained as we have repeatedly set forth and as is confirmed by a doctor who is an expert and has offered a clear expert opinion. *See* Shin Letter.

Please advise if ICE NOLA intends to take Ermine to a hospital immediately.  The "medical unit" at Basile cannot address this medical situation and the Shin Letter is clear a to the medical situation that Ermine has and the prospect if she continues to be denied medical care and confined in detention.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W:  rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Thu, Oct 10, 2024 at 4:47 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good evening,

I just spoke with Ermine-her pain continues to be excruciating, she cried the entirety of the call and she explained that she was not able to use the wheelchair to come to t because it is not in her dorm and would have to be requested.  I look forward to a response from ICE NOLA.

As we have repeatedly set forth,  **Ermine should be released today to ensure further irreversible medical issues as is set forth in the Shin Letter.**

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W:  rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Thu, Oct 10, 2024 at 11:44 AM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Robert F. Kennedy Human Rights Mail - DETAINEE Nersisian Ermine A#... ...bility for Ermine and should be immediately Released from Detenti…

Good morning,

I am following up on my emails from Monday-Wednesday.  I look forward to a response from ICE NOLA.

As we have repeatedly set forth, **Ermine should be released today to ensure further irreversible medical issues as is set forth in the Shin Letter.**

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Wed, Oct 9, 2024 at 2:08 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon,

I am writing again because I just had a legal call with Ermine and she told me that she is now completely unable to walk and bound to a wheelchair. Ermine relayed extreme and radiating in her left leg from her upper left hip all the way down her left leg and through her knee. Her left leg is something numb.  She is unable to do d such as going to the bathroom and basic hygiene without experiencing severe pain and is terrified of falling. **Ermine should be released today to ensure further irreversible medical issues as is set forth in the Shin Letter.**

Ermine also advised that a "medical unit employee" mentioned that she would be transferred?  As you all know, RFK has served a G28 and an ICE Privacy Waiver a notice of any transfer must be provided to RFK.  Additionally, any transfer would not be an accommodation of Ermine's disability but rather will result in further harm and mental health.

Finally,  Ermine advised that an "officer" met with her about two days ago-she cannot remember the day or time-and also spoke to the woman who is detained with E being paid $1.00 a day. Can you please advise who met with Ermine and her helper who is a a woman that is also detained at Basile. And can you also provide any documents that were produced as a result of this meeting and the name of the agency that met with Ermine. Ermine also advised that an interpreter was provided bu interpreter did not seem to interpreter everything because Ermine would speak for a long time and the interpreter only talked in English for a short time. For example wanted to say "thank you" and the interpreter told Ermine that she would not translate the "thank you" because that was not relevant to the conversation. The interp asked asked Ermine if she wanted to say "I love you" which is both inappropriate  and unprofessional.  Therefore, the interpreter did not act as a true interpreter.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Wed, Oct 9, 2024 at 11:42 AM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good morning FOD Harper:

I am writing once again to follow up on the request to release Ermine and to advise that Ermine's family advised me that **Ermine now has an extreme pain radia hip and is not able to get the necessary care and treatment while detained and should be-as is set forth in the Shin Letter-be released from detention.**

Robert F. Kennedy Human Rights Mail - Request for Nersisian Ermine Enikolopovna to be Immediately Released from Detenti...

detention is a reasonable accommodation and we once again request release and once again request a response to the 4th Release Request that we have subm...

I am ccing Stephanie Fell from CRCL because received an out of office email from Ms. Tosado when I sent my email yesterday.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram


**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**



On Mon, Oct 7, 2024 at 8:34 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

    Good evening FOD Harper:

    Hope you had a nice weekend.

    I am following up on my email from Friday-will ICE NOLA be making a determination on the 4th Request for Release and if so is there an expected time frame t
    decision?

    Thank you and have a nice evening.

    Sarah.

    **Sarah T. Gillman**

    Director of Strategic U.S. Litigation

    U.S. Advocacy & Litigation

    Robert F. Kennedy Human Rights

    E:  gillman@rfkhumanrights.org

    W: rfkhumanrights.org

    Twitter | Facebook | Instagram


    **EXPOSE INJUSTICE.**
    **TEACH CHANGE.**
    **SHAPE HISTORY.**



    On Fri, Oct 4, 2024 at 6:50 AM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

        Good morning FOD Harper:

        Thank you for your email acknowledging receipt of the Shin Letter.  I am also again attaching the 4th Request for Release that I sent yesterday to ensure tha
        received. The new information that is being submitted with this 4th request for Ermine's release is a letter from Dr. Joseph Shin, M.D. ("Shin Letter"). *See* Ex
        Dr. Shin is an American physician licensed to practice medicine in the State of New York and board-certified in Internal Medicine.

        As set forth in the Shin Letter, Dr. Shin regularly cares for patients suffering from both acute and chronic pain related to traumatic and chronic musculoske
        including fractures, back and joint pathology. The  Shin Letter sets forth, *inter alia*, that Ermine's **"physical and mental health symptoms are exacerbated
        time in detention as described in her medical evaluations and also in communications to and from her legal team. Ms. Nersisian's debilitating me
        mental health issues are likely to improve outside of detention primarily by removing the acute physical and psychologic stressors she's experie
        detention and also allowing her to have more support to participate in physical therapy" and that "Removing the exacerbating stressor (i.e. indefi
        and separation from her loved ones and sources of support) are likely to play a significant role in her recovery. Otherwise, a prolonged and poter
        experience of debilitating pain, depression and anxiety that could become worse, leading to lifelong impairment, disability, worsening obesity, an
        health decompensation not limited to severe refractory depression, impulsivity and suicidality need to be considered."**

10/20/24, 12:19 PM    Robert F. Kennedy Human Rights Mail - Nersisian, Ermine 249 375 719-Immediately Released from Detenti...

Case 2:24-cv-02519 Document 1-9 Filed 10/21/24 Page 9 of 46

OPLA counsel who have appeared in Court at the last two Master Calendar hearings have been made aware of Ermine's medical and physical disabilities impacting her ability to present her case for asylum.    As I have detailed in my prior emails and as I set forth as a Friend of the Court (FOC) at the time Master Calendar Hearing, Ermine is in such pain physically and mentally that she cannot effectively concentrate, recall dates and details and therefore rele a  reasonable accommodation to ensure her ability to access a federally funded benefit-the right to the asylum process before EIOR after passing a CFI. supports a reasonable accommodation of release in this case.


Thank you and please let me know if you have any questions or need any additional information.


Hope you and everyone on this email have a nice weekend.


Sarah.


**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram


**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**


On Thu, Oct 3, 2024 at 7:52 PM Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov> wrote:

Thank you.  ICE OPLA is copied on this email and will continue to review the information you provide.


Mellissa Harper

Field Office Director

New Orleans Field Office

Enforcement and Removal Operations

Immigration and Customs Enforcement

Phone: 404-925-2768


---

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Thursday, October 3, 2024 4:35:52 PM
**To:** Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov>
**Cc:** Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>; McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov>; Holland, David B <David.B.Holland@ice.dhs.gov>; Arvie, Jamien <Jamien.Arvie@ice.dhs.gov>; Hinken, Anna <ANNA.HINKEN@hq.dhs.gov>; DHS-OIG Public Affairs <DHS-OIG.OfficePublicAffairs@oig.dhs.gov>; Sivaprasad Wadhia, Shoba <Shoba.SivaprasadWadhia@hq.dhs.gov>; OID <OIDO_Outreach@hq.dhs.gov>; Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>; Andrew Perry <aperry@laaclu.org>; nahmed@l <nahmed@laaclu.org>; Sarah Decker <decker@rfkhumanrights.org>; My Khanh Ngo <MNgo@aclu.org>; Tosado, Rebekah <Rebekah.Tosado@hq.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719-4th Request for Release-MEDICAL EXPERT OPINION SUPPORTS RELEASE DETENTION

---

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.


Good afternoon ICE NOLA:

RFK has not received any response to the email that we sent on October 1, 2024 or the follow up email that we sent on October 2, 2024. Accordingly, we submitting a fourth (4th) request for release that should be granted.

The new information that is being submitted with this 4th request for Ermine's release is a letter from Dr. Joseph Shin, M.D. ("Shin Letter"). *See* Exh. A, Sh Shin is an American physician licensed to practice medicine in the State of New York and board-certified in Internal Medicine. Dr. Shin is a graduate of NY Medicine, and currently serves as an Assistant Professor of Medicine at Weill Cornell Medicine and the Cornell Center for Health Equity, and an attending NY Presbyterian Hospital on the Inpatient Medicine units as well as the Medicine-Orthopedics-Trauma Service. As is set forth in the Shin Letter, Dr. Shin for patients suffering from both acute and chronic pain related to traumatic and chronic musculoskeletal injuries including fractures, back and joint patholo forth in the Shin Letter, Dr. Shin's expert medical opinion is as follows:

- "It is my expert medical opinion that her medical conditions are being made worse within the context of prolonged detention which avoidable and potentially permanent debilitating symptoms."
- "Her knee and back pain are so severe that she is unable to sleep more than an hour at a time and she has worsening symptoms of anxiety. All of these symptoms remain uncontrolled."
- "Furthermore, her psychiatric evaluation suggests worsening severe anxiety, panic attacks, and somatization including numbness, shortness of breath/hyperventilation. Functionally she is unable to perform routine activities of daily living without assistance includi dressing herself."
- "These physical and mental health symptoms are exacerbated during her time in detention as described in her medical evaluatio communications to and from her legal team. Ms. Nersisian's debilitating medical and mental health issues are likely to improve outsi primarily by removing the acute physical and psychologic stressors she's experiencing in detention and also allowing her to have m participate in physical therapy."
- "Removing the exacerbating stressor (i.e. indefinite detention and separation from her loved ones and sources of support) are l significant role in her recovery. Otherwise, a prolonged and potentially life-long experience of debilitating pain, depression and anx become worse, leading to lifelong impairment, disability, worsening obesity, and also mental health decompensation not limited to se depression, impulsivity and suicidality need to be considered."

Release is a reasonable accommodation and required under Section 504 and the Shin Letter makes it clear that release from detention is necessar ensure her mental and physical health and to also ensure that she can function-Ermine-as we have detailed and as is confirmed by the Shin Letter function on a daily basis.

As we have detailed in the three previous requests for release of Ermine, she has United States Citizen (USC) family in the United States who can economic support, access to medical care and ensure that she complies with all ICE appointments and immigration court dates is a reasonable accommm knows, Ermine has requested to be released and if released she would go to live with her sister and brother-in-law who reside in their own home in Califo ensure that Ermine receives necessary and critical medical care, that she is financially supported by her family and that she attends all her immigratio including her immigration court dates. As ICE also knows, Ermine has passed her Credible Fear Interview (CFI).

Thank you and hope everyone on this email has a nice evening.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

88 Pine Street, 8th Floor, Suite 801
New York, NY 10005
Tel.: (646) 289-5593
E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**


On Wed, Oct 2, 2024 at 1:17 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon ICE NOLA:

I am writing to follow up on my email from yesterday. Can you please advise whether ICE NOLA will release Ermine given the Shin Letter? If ICE NOL RFK to submit a fourth parole request that includes the Shin Letter please let me know and I will do so today.


I am also writing to request that I be provided with the document or documents that Ermine was made to sign yesterday in the medical unit. The docum provided to her in Russian, were not translated to her in Russian and she was not given time to have the documents reviewed by legal counsel. Moreo explained that the employee who presented the document or documents to Ermine told her that she had to make a decision immediately and could not with legal counsel. Ermine-because she thought she had no choice even though the document or documents were not translated to her in a language t read or understand-signed the document or documents.


My understanding is that the documents relate to whether Ermine would want to be placed in the "medical unit". Ermine was previously placed in the "r due to a hurricane event in Louisiana in September. During the two days she spent in the "medical unit" she was isolated, did not have anyone to assis activities and there was little to no language access.


Ermine should be released from detention. Placing her in the "medical unit" in what is akin to administrative segregation or solitary and is not a reason accommodation.


I have previously provided a privacy release and a G28 and therefore I ask that ICE NOLA provide me with the documents presented to Ermine yesterd


Thank you.


Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

10/20/24, 12:19 PM
Case 2:24-cv-02519 Document 1-9 Filed 10/21/24 Page 11 of 46
Robert F. Kennedy Human Rights Mail - ICE NOLA: Ermine Nersisian; Indefinite Detention; Ermine should be Immediately Released from Detentio…

E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Oct 1, 2024 at 4:47 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon ICE NOLA:

I am writing once again to request that you release Ermine. In support of this request, we are now submitting a letter from Dr. Joseph Shin, M.D. ("Sh Shin is an American physician licensed to practice medicine in the State of New York and board-certified in Internal Medicine. Dr. Shin is a graduate of Medicine, and currently serves as an Assistant Professor of Medicine at Weill Cornell Medicine and the Cornell Center for Health Equity, and an a physician at NY Presbyterian Hospital on the Inpatient Medicine units as well as the Medicine-Orthopedics-Trauma Service.  As is set forth in the Sh Shin regularly cares for patients suffering from both acute and chronic pain related to traumatic and chronic musculoskeletal injuries including fractur joint pathology.

As is set forth in the Shin Letter, Dr. Shin's expert medical opinion is as follows:

- **"It is my expert medical opinion that her medical conditions are being made worse within the context of prolonged detention which avoidable and potentially permanent debilitating symptoms.**
- **"Her knee and back pain are so severe that she is unable to sleep more than an hour at a time and she has worsening symptoms of and anxiety.  All of these symptoms remain uncontrolled."**
- **"Furthermore, her psychiatric evaluation suggests worsening severe anxiety, panic attacks, and somatization including numbness, and shortness of breath/hyperventilation.  Functionally she is unable to perform routine activities of daily living without assistance walking and dressing herself."**
- **"These physical and mental health symptoms are exacerbated during her time in detention as described in her medical evaluations communications to and from her legal team. Ms. Nersisian's debilitating medical and mental health issues are likely to improve out detention by removing the acute physical and psychologic stressors she's experiencing in detention and also allowing he able to participate in physical therapy."**
- **"Removing the exacerbating stressor (i.e. indefinite detention and separation from her loved ones and sources of support) are likely significant role in her recovery. Otherwise, a prolonged and potentially life-long experience of debilitating pain, depression and anx become worse, leading to lifelong impairment, disability, worsening obesity, and also mental health decompensation not limited to refractory depression, impulsivity and suicidality need to be considered."**

As you all know, Ermine passed her Credible Fear Interview (CFI) and ICE has never produced any evidence upon which a conclusion could be read Ermine is a flight risk. Ermine can literally barely walk and therefore it strains credulity as to why ICE thinks she would flee and passed her CFI so it credulity as to why ICE thinks she will not appear at her immigration court hearing and/or any appointments that she has with ICE.  Finally, as we ha Ermine, her daughter, her son-in-law and Ermine's grandchild all used the CBPOne application and as directed by the the CBPOne application appe directed. Ermine was the one to be detained for reasons that escape logic and for which ICE has never produced any evidence to explain why ICE N Ermine is a flight risk.  RFK understands that ICE Case Review has "reviewed" ICE NOLA's decisions but the ICE Case Review does not-as is the c NOLA-provide any meaningful notice or a meaningful opportunity to respond because the stated basis by ICE NOLA in denying Ermine's release is i factors but rather are conclusory statements that have failed to take into account the evidence submitted and the fact that Ermine is a disabled perso

Release is a reasonable accommodation and required under Section 504 and the Shin Letter makes it clear that release from detention is necessary ensure her mental and physical health and to also ensure that she can function-Ermine as we have detailed and as is confirmed by the Shin Letter-function on a daily basis.  Again, I request that Ermine be released.

If you have any questions or need any additional information, please let me know.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Sep 27, 2024 at 4:38 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon ICE NOLA:

I am writing once again to request that you release Ermine. I just had a pre-scheduled VAV Lega Call and I personally observed the physical and that Ermine is in. She could not stop crying during the entire legal call and said that she is having chest pains. She has been denied a walker by t hardly able to move. Her inability to walk has gotten worse. Ermine should be immediately released as an accommodation for her disability.

She relayed that she is having excruciating headaches and she needs some type of tylenol or ibuprofen for her headaches. Ermine doe
take opioid based medications but I assume that the jail has non opioid based tylenol or ibuprofen and any and all medical care must b
interpreter so that Ermine understands the medication that she is being offered and so that she can give informed consent. She has no
sleep and was barely able to get through sentences today without a mental health breakdown. A young woman who is detained with Er
her with getting up, moving away from the table and slowly walking towards the door to exit the VAV room.


Ermine told me that no one came to check on her from the medical unit yesterday or as of the date and time of this email. Ermine also e
today that the medical personnel that interacted with her regarding the heart pain that she had before did not use an interpreter and the
not understand what was being said to her because as you all know and as we have repeatedly documented Ermine does not speak or
English.


Ermine was in so much pain that she was not even able to discuss her immigration case. Ermine is in such physical and mental distres
cannot meaningfully participate in her removal proceedings. RFK has appeared as a FOC before EOIR and has been trying to assist as
preparation of an application for asylum. Ermine is in such pain physically and mentally that she cannot effectively concentrate and the
refusal to release Ermine as reasonable accommodation is directly interfering with her ability to access a federally funded benefit-the ri
asylum process before EOIR after passing a CFI.


As you all know, Ermine passed her Credible Fear Interview (CFI) and ICE has never produced any evidence upon which a conclusion could be r
Ermine is a flight risk. Ermine can literally barely walk and therefore it strains credulity as to why ICE thinks she would flee and passed her CFI so
strains credulity as to why ICE thinks she will not appear at her immigration court hearing and/or any appointments that she has with ICE.  Finally
documented, Ermine, her daughter, her son-in-law and Ermine's grandchild all used the CBPOne application and as directed by the the CBPOne
appeared as directed. Ermine was the one to be detained for reasons that escape logic and for which ICE has never produced any evidence to ex
NOLA believes Ermine is a flight risk.  RFK understands that ICE Case Review has "reviewed" ICE NOLA's decisions but the ICE Case Review d
the case with ICE NOLA-provide any meaningful notice or a meaningful opportunity to respond because the stated basis by ICE NOLA in denying
release is not based upon factors but rather are conclusory statements that have failed to take into account the evidence submitted and the fact th
disabled person.


Again, I request that Ermine be released. Release is a reasonable accommodation as we have set forth in our release requests, email communica
CRCL Complaint that we filed on behalf of Ermine.


Thank you and hope everyone has a nice weekend.


Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**


On Thu, Sep 26, 2024 at 4:01 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon ICE NOLA:


I am writing once again to request that you release Ermine. I just had a pre-scheduled VAV Lega Call and I personally observed the physical an
distress that Ermine is in. She could not stop crying during the entire legal call and said that she is having chest pains. She has been denied a
jail and is hardly able to move. Her inability to walk has gotten worse. Ermine should be immediately released as an accommodation for her dis


At the jail, the medical unit is not providing any care for Ermine but rather blaming her for not taking opioid based pain killers that will do nothing
numb her entire body and mind. The medical unit will not provide a walker because for some reason-that strains the limits of logic-said that a
going to be given to her because she refuses to take opioid based pain medication. Opioid based pain medication would silence Ermine becau
numb and silence people and is not properly being offered as medical treatment for Ermine. Medical professionals are not supposed to engage
rather are required by law to ensure a safe and non-threatening environment so that to ensure treatment for people who are in need of medica


As you all know, Ermine passed her Credible Fear Interview (CFI) and ICE has never produced any evidence upon which a conclusion could b
Ermine is a flight risk. Ermine can literally barely walk and therefore it strains credulity as to why ICE thinks she would flee and passed her CFI so
strains credulity as to why ICE thinks she will not appear at her immigration court hearing and/or any appointments that she has with ICE.  Fina
documented, Ermine, her daughter, her son-in-law and Ermine's grandchild all used the CBPOne application and as directed by the the CBPOne
appeared as directed. Ermine was the one to be detained for reasons that escape logic and for which ICE has never produced any evidence to
ICE NOLA believes Ermine is a flight risk.  RFK understands that ICE Case Review has "reviewed" ICE NOLA's decisions but the ICE Case Re
as is the case with ICE NOLA-provide any meaningful notice or a meaningful opportunity to respond because the stated basis by ICE NOLA in
Ermine's release is not based upon factors but rather are conclusory statements that have failed to take into account the evidence submitted an
Ermine is a disabled person.


Ermine is in such physical and mental distress that she cannot meaningfully participate in her removal proceedings. RFK has appeared as a FC
and has been trying to assist as a FOC with the preparation of an application for asylum. Ermine is in such pain physically and mentally that sh
effectively concentrate and therefore ICE's refusal to release Ermine as reasonable accommodation is directly interfering with her ability to acc
funded benefit-the right to the asylum process before EOIR after passing a CFI.

Again, I request that Ermine be released. Release is a reasonable accommodation as we have set forth in our release requests, email commun
the CRCL Complaint that we filed on behalf of Ermine.


Thank you.


Sarah.


**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**


On Mon, Sep 23, 2024 at 3:51 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon ICE NOLA:


I am writing once again to request that you release Ermine.


On this date, Ermine's family advised me of the following (I had a pre-approved legal call on Friday, September 20, 2024 that was not placed
Jail said that the call was not on their schedule despite documentary proof via a confirmation email from the jail clearly stating otherwise):

- Ermine has been experiencing chest pain in the past few days, has numbness in her right hand and continues to have all of the excru
  a result of her untreated and unaccommodated medical disability.
- Ermine was eventually taken to the medical unit-and-as has been in the past-not treated in a medically appropriate manner but rather
  adversarial manner. Medical professionals are not supposed to engage in blame but rather are required by law to ensure a safe and
  environment so that to ensure treatment for people who are in need of medical care.
- Ermine requested walker given the fact that she can barely walk-RFK has witnessed Ermine's inability to walk during VAV legal calls
  documented.
- Ermine was denied a walker.
- Ermine understood from her visit to the medical unit that she could only be given the opioid based pills which are highly addictive
- Ermine's family relayed that she cried during the entirety of their call with her

As you all know, Ermine passed her Credible Fear Interview (CFI) and ICE has never produced any evidence upon which a conclusion could
that Ermine is a flight risk. Ermine can literally barely walk and therefore it strains credulity as to why ICE thinks she would flee and passed h
equally strains credulity as to why ICE thinks she will not appear at her immigration court hearing and/or any appointments that she has with
as we have documented, Ermine, her daughter, her son-in-law and Ermine's grandchild all used the CBPOne application and as directed by
CBPOne application appeared as directed. Ermine was the one to be detained for reasons that escape logic and for which ICE has never pr
evidence to explain why ICE NOLA believes Ermine is a flight risk. RFK understands that ICE Case Review has "reviewed" ICE NOLA's dec
ICE Case Review does not-as is the case with ICE NOLA-provide any meaningful notice or a meaningful opportunity to respond because the
by ICE NOLA in denying Ermine's release is not based upon factors but rather are conclusory statements that have failed to take into accoun
submitted and the fact that Ermine is a disabled person.


Again, I request that Ermine be released. Release is a reasonable accommodation as we have set forth in our release requests, email comm
in the CRCL Complaint that we filed on behalf of Ermine.


Thank you.


Sarah.


**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Wed, Sep 18, 2024 at 10:20 AM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good morning:

RFK Human Rights is once again writing to request that ICE NOLA release Ermine.

On this date, RFK Human Rights had a VAV Legal Call with Ermine. Ermine was barely able to walk, was crying the entire time and relay following her Court date yesterday she had a mental health breakdown where she cried all day due to her emotional stress and medical p distress. As we have documented in prior emails, Ermine hip, left leg and left side of her body are very numb and she is concerned that a is getting worse given her current situation where she is confined to a jail.

RFK Human Rights understands that Ermine was called to the "medical unit" on this date, but Ermine did not know why she was called an "medical unit". Ermine can barely walk and it took her a very long time to even get ready to come to the VAV Legal Call. The only "medical to Ermine is to take opioid based pain medication that is highly addictive and the "medical unit"-as we have documented-in prior emails ha medical appropriate setting but rather one where Ermine is blamed for her medical disability.

RFK Human Rights appeared as a Friend of the Court on September 17, 2024, and observed together with all parties at the Court hearing 17, 2024, that Ermine can literally barely walk. It continues to strain credulity as to how ICE NOLA has determined that Ermine is a flight r to the United States to seek asylum, she passed as Credible Fear Interview (CFI), she is trying to prepare her application for asylum but b disability, lack of accommodations afforded by ICE NOLA-release from detention-she is not able to fully participate in her removal proceed

Again, RFK Human Rights again requests that Ermine be released from detention.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Sep 13, 2024 at 1:18 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon ICE NOLA:

I am writing to once again request that Ermine be released and be permitted to go to live with her sister and brother-in-law-United State (USC) who can provide a home to Ermine, financial support to Ermine and most importantly the necessary and critical medical care tha and is not receiving in ICE detention.

I had a video legal call with Ermine this morning and in addition to all of the medical issues that we have already documented, the lack accommodations that we have already documented and the fact that Ermine's mental health is deteriorating due to her continued deter Ermine reported that the upper portion of her left leg is numb and that her left side of her body is numb. She cried as she has on every because of the pain that she is in, she could hardly walk and can only walk with the assistance of another woman who is also detained paid $1.00 per day to hold Ermine up as she walks and is having a great of difficulty concentrating which is directly impacting her ability asylum case. As you all know, Ermine passed her Credible Fear Interview (CFI) and ICE has never produced any evidence upon which could be reached that Ermine is a flight risk. Ermine can literally barely walk and therefore it strains credulity as to why ICE thinks she passed her CFI so it equally strains credulity as to why ICE thinks she will not appear at her immigration court hearing and/or any appoi she has with ICE. Finally, as we have documented, Ermine, her daughter, her son-in-law and Ermine's grandchild all used the CBPOn and as directed by the CBPOne application appeared as directed. Ermine was the one to be detained for reasons that escape logic ICE has never produced any evidence to explain why ICE NOLA believes Ermine is a flight risk.

Again, I request that Ermine be released. Release is a reasonable accommodation as we have set forth in our release requests, email communications and in the CRCL Complaint that we filed on behalf of Ermine.

Thank you and hope everyone has a nice weekend.

Sarah.

Sarah T. Gillman

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**


On Wed, Sep 11, 2024 at 7:50 AM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good morning AFOD Jacques T. Metoyer:


Thank you for sending the parole decision which as I understand denies parole to Ermine again.


However, the parole decision that you attached to your email once again does not provide meaningful notice as to why ICE NOLA ha Ermine-a disabled woman who can hardly walk, has USC family members in the United States, who complied with the CBP One ap coming to the United States and who passed her credible fear interview (CFI)-has determined that she is a flight risk. The document attached also fails to provide any meaningful notice as to why the additional evidence-it is unclear if ICE reviewed the additional evic sufficient for ICE. Rather, the document that you attached to your email which RFK Human Rights understand represents a denial c Ermine fails to provide any any explanation for the denial of parole to Ermine beyond a cursory checked form statements as follows:

- "You have failed to satisfy to ICE's satisfaction you are not a flight risk."
- "Imposition of bond of or other conditions of parole would not ensure, to ICE's satisfaction your appearance at required immig pending the outcome of your case."
- "ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional docun demonstrate any significant changed circumstances which would alter ICE's previous determination."

The document you attached to your email repeats verbatim the cursory statements above that were checked in the ICE parole denia 2024 and August 22, 2024.


The conclusion that must be reached following your email last night is that ICE NOLA will not ever release Ermine and that there is n can be presented that will result in a grant of release to a disabled woman, who passed a CFI, has USC family members in the Unite were acceptable as sponsors for the family members that Ermine came to the United States with and that ICE NOLA will not provide notice or an opportunity to respond. As such, Ermine and her legal counsel are left with the inability to respond to ICE NOLA's conti response because, as I have stated in prior emails, responding to ICE's denials is akin to being in a dark room trying to find the one lig might work. Is ICE NOLA denying release to Ermine because of her national origin? Is ICE NOLA denying release to Ermine becau particular country? Is ICE NOLA denying release because her Master Calendar hearing before the Immigration Judge is approachin denying release to Ermine because they simply take the position they can without having to afford any explanation.


It is impossible to determine why ICE NOLA is denying release to Ermine but what is possible to clearly conclude is that in denying r Ermine ICE NOLA is denying her rights as a disabled person. Section 504 prohibits discrimination based on a disability in programs activities conducted by U.S. federal agencies, including DHS and EOIR. 29 U.S.C. § 794; 6 C.F.R. § 15.30, *et seq.* (applying to DHS 39.130, *et seq.* (applying to EOIR). Section 504 applies to the Departments of Homeland Security and Justice. *See* 6 C.F.R. § 15.30 C.F.R. § 39.130, *et seq.* Regulations promulgated by the Departments state that they may not, directly or indirectly "afford a qualified a disability an opportunity to participate in or benefit from the aid, benefit or service *that is not equal to that afforded others*"; or "prov [individual] with an aid, benefit or *service that is not as effective in affording equal opportunity to obtain the same result*, to gain the s to reach the same level of achievement as that provided to others." 6 C.F.R. § 15.30(b)(1)(iii); 28 C.F.R. § 39.130(b)(1)(iii) (emphasis requirements of Section 504 apply to the immigration benefits and proceedings that noncitizens may seek under the Immigration and ("INA"). *See Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1053, 1056 (C.D. Cal. 2010) (finding that plaintiffs with disabilities in detention "were not provided with even the most minimal of existing safeguards under [8 C.F.R. §] 1240.4, let alone more robust acc required under the Rehabilitation Act," and ordering the appointment of a "qualified representative" for persons in detention with seri illness); *Palamaryuk by & through Palamaryuk v. Duke*, 306 F. Supp. 3d 1294, 1300~02 (W.D. Wash. 2018) (holding that Section 50 to halt transfer of plaintiff outside of the area in which plaintiff's attorney worked to ensure ongoing representation due to his counsel immigration proceedings).The Rehabilitation Act defines "disability" as "a physical or mental impairment that substantially limits one c life activities." 42 U.S.C. § 12102(1). This definition includes chronic illness, as well as physical, intellectual, developmental, psychiat auditory disabilities. Margo Schlanger, Elizabeth Jordan, Roxana Moussavian, *Ending the Discriminatory Pretrial Incarceration of Pe Disabilities: Liability Under the Americans with Disabilities Act and the Rehabilitation Act*, 17 Harv. Law & Pol. Rev. 1, 237–48 (2022) medical diagnosis is not required and proof from an individual's personal experience demonstrating that the impairment is substantia qualify for Section 504 protections.


An agency can fail to provide meaningful access not only through intentional exclusion, but also by "failure to modify existi practices." *Disabled in Action*, 752 F.3d at 197; *see also Choate*, 469 U.S. at 297. Section 504 requires federally funded programs t of meaningful access by providing "reasonable accommodation." *Disabled in Action*, 752 F.3d at 197; *Henrietta D. v. Bloomberg*, 33 73 (2d Cir. 2003). A proposed accommodation is reasonable if it does not fundamentally alter the nature of the federal program or in hardship. *See id.* at 281. And it is not enough for an agency to remove prejudicial policies or practices; an agency must affirma practices to accommodate individuals with disabilities. *See id.* at 274–75 (noting this Court has "specifically embraced" Section accommodation mandate, and explaining, "[i]t is not enough to open the door for the handicapped ...; a ramp must be built so reached") (citation omitted); *see also Pierce v. District of Columbia*, 128 F. Supp. 3d 250, 266– 67 (D.D.C. 2015) (The affirmative ob individualized inquiry is at its "apex" in the detention context. Detention facilities "have even more responsibility in this regard, b necessarily rely totally upon corrections departments for all of their needs while in custody and do not have the freedom to obtain s the accommodations that permit them to access those services) elsewhere.")).


First, release is not a fundamental alteration, as it does not change any "essential aspect" of immigration proceedings and thus de "essential aspect" of immigration proceedings. The vast majority—approximately 98 percent—of people in immigration adjudicat their cases from outside of immigration detention. *Congressional Research Service*, "Immigration: Alternatives to Detention (ATD)

10/20/24, 12:19 PM     Re...: ...: (EXTERNAL) RE: Legal Update: Louisiana; Request that Ermine be Immediately Released from Detenti...

Case 2:24-cv-02519    Document 9    Filed 10/21/24    Page 16 of 46

8, 2019), *available at*: https://fas.org/sgp/crs/homesec/R45804.pdf. Even where DHS has statutes mandating detention, release accommodation is not a fundamental alteration. *See e.g. Franco-Gonzalez*, 2014 WL 5475097, at *2 (affording people with mental that present competency issues an opportunity at being released after six months of immigration detention, even when they are individualized bond hearing pursuant to 8 USC § 1226(c)).

Second, release is not an undue burden, is consistent, is required by the Performance Based National Detention Standards (PBND change any "essential aspect" of the statutory scheme relied upon by ICE to mandate immigration detention. The PBNDS set minimum conduct for officials charged with administering immigration detention. Some challenges for failure to abide by PB successful. *See Torres v. DHS*, 411 F. Supp. 3d 1036, 1068-69 (C.D. Cal. 2019) (failure to abide by PBNDS in access to co *Innovation L. Lab v. Nielsen*, 342 F. Supp. 3d 1067, 1079 (D. Or. 2018) (failure to abide by PBNDS for access to counsel); *Gayle v.* 21553-CIV, 2020 WL 2086482, at *6 (S.D. Fla. Apr. 30, 2020) (finding violation for ICE's failure to comply with PBNDS's requirem CDC guidelines during COVID-19 pandemic).

Releasing Ermine is legally required as an accommodation to ensure that she has equal access to the safe and fair ac immigration proceeding to its conclusion and to ensure that she receive appropriate medical care and support including, but not lim therapy and non-addictive medication and appropriate medical interventions that are provided in a medically appropriate setting w treated as a patient and not a prisoner. As is detailed in email communications with ICE NOLA, Ermine was told that one of th employed by the government at the facility in the "medical unit" that she should not complain about the pain she is in because this pain her legs too but still goes to work and does work" and that Ermine should, in sum and substance, bear the pain and stop com all know, this behavior is not only unprofessional but also medically unethical and violates the PBNDS and federal laws that protect in the United States.

Release of Ermine given her physical disability that has directly impacted/precluded her from participating in her removal proce resulted in her inability to function on a daily basis is an appropriate accommodation. RFK Human Rights communications with ICE details over a more than one month period about Ermine's physical condition and we have directly witnessed during video leg inability to function. Yet, ICE NOLA continues to refuse to release Ermine, and the only basis of the denial is that ICE is not satis flight risk. It strains credulity as to how ICE can determine that Ermine is a flight risk given the fact that she can barely w overwhelming uncontested, unrebutted and unchallenged evidence that she suffers from a medical disability. Moreover, Erm members who were acceptable sponsors to receive her daughter, son-in-law and their child.
Release is consistent with Section 504 and is legally required under Section 504.

Because ICE's counsel is included in these emails, I am attaching the CRCL complaint that was filed on behalf of Ermine yesterday.

Thank you and I hope that everyone who is in Louisiana, including Ermine who cannot walk or stand without another person physica is safe during the Hurricane.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Sep 10, 2024 at 8:40 PM Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov> wrote:

   Please see attached.


   **Jacques T. Metoyer, MSCJ**
   Assistant Field Office Director
   New Orleans Field Office
   Enforcement and Removal Operations
   U.S. Immigration & Customs Enforcement
   Telephone: (318)335-7567
   Work Cell: (318)485-1227
   1010 East Whatley Rd.
   Oakdale, LA. 71463
   Jacques.T.Metoyer@ice.dhs.gov


   Sent with BlackBerry Work
   (www.blackberry.com)

     **From:** Sarah Gillman <gillman@rfkhumanrights.org>
     **Date:** Tuesday, Sep 10, 2024 at 5:12 PM

Case 2:24-cv-02519 Document 1-9 Filed 10/21/24 Page 17 of 46

Robert F. Kennedy Human Rights Mail - URGENT- Nersisian, Ermine 249 375 719 ... Ermine should be immediately Released from Detenti...

To: Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>

Cc: McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov>, Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov>, Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>, Holland, David I <David.B.Holland@ice.dhs.gov>, Arvie, Jamien <Jamien.Arvie@ice.dhs.gov>, Sarah Decker <decker@rfkhumanrights.org>, Andrew Perry <aperry@laaclu.org>, nahmed@laaclu.org <nahmed@laaclu.org>, Hinken, Anna <ANNA.HINKEN@hq.dhs.gov>, DHS-OIG Office of Public Affairs <DHS-OIG.OfficePublicAffairs@oig.dhs.gov>, OIDO_Outreach <OIDO_Outreach@hq.dhs.gov>, Sivaprasad Wadhia, Shoba <shoba.sivaprasadwadhia@hq.dhs.gov>, My Khanh Ngo <MNgo@aclu.org>

Subject: Re: URGENT- Nersisian, Ermine 249 375 719 Request to Reconsider Denial of Parole Request-New Request for Release if Attached-Ermine is in Extreme Pain and Her Disability Cannot be Accommodated in Detention

---

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

---

Scott,

Did ICE deny the most recent parole request that was just submitted last night? Ermine's family said that officers gave her a piece of paper today that she understands is a denial of the parole request. If the parole was denied again, can you please email me a copy.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Sep 10, 2024 at 4:28 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Scott,

Thank you for your email.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Sep 10, 2024 at 3:10 PM Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov> wrote:

10/20/24, 12:19 PM                    Robert F. Kennedy Human Rights Mail - Re: Nersisian, Ermine 249 375 719 - Should be Immediately Released from Detenti…

Case 2:24-cv-02519    Document 1-9    Filed 10/21/24    Page 18 of 46

Good afternoon Sarah,

Out of an abundance of caution, while preparing for Tropical Storm Francine, the facility is temporarily relocati
Ermine into the medical unit. She is not in isolation, and this assignment will be temporary until the storm
passes.

Respectfully,

Scott Ladwig

Deputy Field Office Director

New Orleans Field Office

Enforcement and Removal Operations

Immigration and Customs Enforcement

Desk: 318-483-1700

96 George Thompson Road

Alexandria, LA 71303

---

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Tuesday, September 10, 2024 1:50 PM
**To:** McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov>
**Cc:** Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov>; Harper, Mellissa B
<Mellissa.B.Harper@ice.dhs.gov>; Holland, David B <David.B.Holland@ice.dhs.gov>; Ladwig,
Scott G <Scott.G.Ladwig@ice.dhs.gov>; Arvie, Jamien <Jamien.Arvie@ice.dhs.gov>; Sarah
Decker <decker@rfkhumanrights.org>; Andrew Perry <aperry@laaclu.org>; nahmed@laaclu.org;
Hinken, Anna <ANNA.HINKEN@hq.dhs.gov>; DHS-OIG Office of Public Affairs <DHS-
OIG.OfficePublicAffairs@oig.dhs.gov>; OIDO_Outreach <OIDO_Outreach@hq.dhs.gov>;
Sivaprasad Wadhia, Shoba <shoba.sivaprasadwadhia@hq.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719 Request to Reconsider Denial of Parole
Request-New Request for Release if Attached-Ermine is in Extreme Pain and Her Disability Cann
be Accommodated in Detention

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you
recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is
not present, click here and follow instructions.

Good afternoon,

Can you please advise where Ermine is?  My client's family understands that Ermine was told to pack up her
belongings and is concerned that she is being sent to an isolation unit?  Or to another ICE detention facility?  /
you know, I have served ICE with a G28 and  ICE privacy waiver and therefore this information should be
provided to legal counsel.

As I have repeatedly set forth in communications with ICE, Ermine can barely walk and RFK Human Rights ha
observed her physical condition on video legal calls that we have had with Ermine. She is not able to walk on
her own and most recently she has been experiencing excruciating pain in her hip in addition to all of her existing
medical conditions. She is always mentally distraught due to the pain and suffering that she experiences on a
daily basis and the fact that she is not being afforded any accommodations including the accommodations tha
should be afforded which is release from detention.  Isolation of Ermine will only further exacerbate her medica
and mental health conditions.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

10/20/24, 12:19 PM     Robert F. Kennedy Human Rights Mail - Re: URGENT- Nersisian, Ermine 249 375 719 Request...Ermine should be Immediately Released from Detenti…

Case 2:24-cv-02519 Document 9 Filed 10/21/24 Page 19 of 46

On Tue, Sep 10, 2024 at 10:53 AM McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov> wrote:

Received. Thank you.  I will forward this information with revision.

Thanks.

Take Care,

**Brant McCullough**

Deportation Officer

New Orleans Field Office

Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Tuesday, September 10, 2024 9:46 AM
**To:** McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov>
**Cc:** Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov>; Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>; Holland, David B <David.B.Holland@ice.dhs.gov>; Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>; Arvie, Jamien <Jamien.Arvie@ice.dhs.gov>; Sarah Decker <decker@rfkhumanrights.org>; Andrew Perry <aperry@laaclu.org>; nahmed@laaclu.org; Hinken, Anna <ANNA.HINKEN@hq.dhs.gov>; DHS-OIG Office of Public Affairs <DHS-OIG.OfficePublicAffairs@oig.dhs.gov>; OIDO_Outreach <OIDO_Outreach@hq.dhs.gov>; Sivaprasad Wadhia, Shoba <shoba.sivaprasadwadhia@hq.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719 Request to Reconsider Denial of Parole Request-New Request for Release if Attached-Ermine is in Extreme Pain and Her Disability Cannot be Accommodated in Detention

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning,

Thank you for your email.

One edit I will make to the release request is that due to a typo I made it states that Ermine would go to live with her brother-in-law and sister-in-law which, as you know since it has been repeatedly documented, Ermine would go to live with her brother-in-law and sister and the typo is an error on my part.  Attached is the revised release request with this typo corrected for the sake of completeness.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**

10/20/24, 12:19 PM      Release of Email - Human Rights Mail - URGENT- Nersisian, Ermine 249 375 719 Ermine should be immediately Released from Detentio...

Case 2:24-cv-02519   Document 1-9   Filed 10/21/24   Page 20 of 46

SHAPE HISTORY.

On Tue, Sep 10, 2024 at 7:27 AM McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov> wrote:

This request has been received and forwarded for review and adjudication.

Thank you.

Take Care,

**Brant McCullough**

Deportation Officer

New Orleans Field Office

Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Monday, September 9, 2024 6:12 PM
**To:** Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov>
**Cc:** Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>; Holland, David B
<David.B.Holland@ice.dhs.gov>; Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>; Arvie,
Jamien <Jamien.Arvie@ice.dhs.gov>; Sarah Decker <decker@rfkhumanrights.org>; Andrew
Perry <aperry@laaclu.org>; nahmed@laaclu.org; Hinken, Anna
<ANNA.HINKEN@hq.dhs.gov>; DHS-OIG Office of Public Affairs <DHS-
OIG.OfficePublicAffairs@oig.dhs.gov>; OIDO_Outreach <OIDO_Outreach@hq.dhs.gov>;
Sivaprasad Wadhia, Shoba <shoba.sivaprasadwadhia@hq.dhs.gov>; McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719 Request to Reconsider Denial of
Parole Request-New Request for Release if Attached-Ermine is in Extreme Pain and Her
Disability Cannot be Accommodated in Detention

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless
you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the
button is not present, click here and follow instructions.

Good evening:

I am writing to submit a new request for Ermine to be released from detention. **This is the third (3rd)
request for release that RFK Human Rights has submitted on behalf of Ermine.**

**As ICE knows, Ermine has requested to be released and if released she would go to live with her
sister and brother-in-law who reside in their own home in California, are able to ensure that Ermine
receives necessary and critical medical care, that she is financially supported and that she attends
all her immigration appointments including her immigration court dates. Ermine passed her
Credible Fear Interview (CFI) and is a medically disabled woman who is not getting the necessary
treatment and care that she requires while in detention which we have documented in repeated
emails to ICE.** As a disabled person Ermine is protected by the Rehab Act and an accommodation of
release is appropriate due to the fact that she cannot even focus and therefore the lack of
accommodations is directly impeding her access to immigration court proceedings where her asylum
application will be heard. The new information that is being submitted with this third request for Ermine's
release is highlighted in **bold**.

The new information in **bold** attests to the character of Ermine's sponsors. In support of the request for
release the following is submitted to demonstrate that Ermine is not a flight risk.

      1.    Letters from Hamlet Grigoryan (Ermine's brother-in-law) and Vardui Nersesyan (Ermine's
sister-in-law) that she will reside with if released. Hamlet and Vardui are both United State
Citizens (USC), own their own home, can provide care for Ermine and will ensure that she mak

all of her immigration appointments including going to immigration court. Proof of identity, financ
documents and proof of address are also included. *See Tab A.*

2.      Letter Khachik Arsenovich Grigoryan, the brother of Ermine's brother-in-law, to demonstra
that the family is able to provide for Ermine.  Khachik Arsenovich Grigoryan 2023 Income T
Returns, USA Passport Face Page, California Driver's License and proof of residence/address
the form of utility bills were also submitted. As is reflect by the 2023 Income Tax Returns, Khach
Arsenovich Grigoryan and his wife, have sufficient income to provide any additional econom
support for Ermine. As is also set forth in the Khachik Letter, he will also ensure that Ermine go
to all appointments with the immigration court and with ICE.  This is a close-knit family a
therefore they collectively will be able to provide the income support, emotional support, medic
care and support for Ermine to make all appointments with ICE and with the immigration cou
*See Tab B.*

3.      **Letter from Fr. Khajag Shahbazyan, Parish Priest, St. Leon (Ghevontians) Armeni
Cathedral, Burbank, California dated September 6, 2024, that sets forth Ermine's brother-
law and sister have been members of the Church for and attesting to their excelle
character and involvement in the Church and the community.  *See Tab C.***

4.      **Letter from Hayk Bambakyan, a United States Citizen (USC) who attests to t
character of Ermine's brother-in-law and sister.  Income Tax Returns for Hayk Bambaky
and proof of identity and citizenship are submitted herewith.  *See Tab D.***

On this date, RFK had a video legal call with Ermine and so we were able to see Ermine and the state th
she is currently in and to provide additional information that supports releasing Ermine immediately from
detention.

· rmine can hardly walk-she has a cane, a makeshift bandage around one of her legs and has
be held up by another woman who has no medical training, is being paid $1.00 a day and is
also detained by ICE.

· Ermine began to experience debilitating pain in her hip that has further impeded her ability to
walk.

· Ermine cried the entire time that we were on the legal call.

· Ermine has not been provided with any medically trained professional that can assist her wit
undressing, taking a shower and all daily activities that she is not able to perform given the
excruciating pain that she is in which we can witness visibly on the video legal calls. She can
barely walk. Upon information and belief, the woman who is being paid $1.00 a day has been
told and had to sign a document that she is not able to assist Ermine with taking her clothes o
or taking a shower.

· Ermine relayed today that one of the people who is employed by the government at the facili
in the "medical unit" told Ermine that Ermine should not complain about the pain she is in
because this employee "had pain her legs too but still goes to work and does work" and that
Ermine should, in sum and substance, bear the pain and stop complaining. As you all know, t
behavior is not only unprofessional but also medically unethical and violates the PBNDS and
federal laws that protect disabled people in the United States.

· Ermine cried because 1) she is in excruciating pain due to her medical disability that we have
documented numerous times in written communications with ICE, 2) she cannot sleep due to
the excruciating pain that she has from her medical disability and 3) is now having extremely
painful headaches.

· Ermine has not been offered any medical care beyond opioid based painkillers that will do
nothing more than numb her entire body and that are not therapeutic but are highly highly
addictive. Rather than provide medical care for Ermine, each day people employed by ICE/the
Jail bring her the medications and each day she refuses. Upon information and belief, when
Ermine refuses highly addictive drugs a note is placed in her medical records.  This is not
medical care.

· Ermine passed her credible fear interview process, the family members that she presented
with at the border seeking asylum were released and yet she remains detained. She and her
family used the CBP One application-so they followed a lawful process that was held out by th
government.  She has an extensive United States Citizen family in the United States.

· The parole denials are cursory in nature and therefore do not provide any meaningful notice
why parole continues to be denied to Ermine. The parole denials state that additional
information can be provided but when additional information/supporting documents were
provided the same denial was issued.

· Ermine is a disabled person and her disability and lack of any appropriate medical care and
accommodations are precluding her ability to even present her case for asylum. She is in suc
excruciating pain that she cannot meaningfully participate in the proceeding that will decide he
asylum application.

· Ermine relayed today that she is in so much pain she cannot even focus.

· **Ermine has not been provided any accommodations for her disability.  The appropriat
accommodation is release from detention.**

Thank you and we once again request that Emrine be released-she is not a danger to the community an
ICE has never claimed that she is on any of the cursory denials of paroles, the flight risk analysis is not
based upon anything more than a cursory form statement in the parole denials and as  disabled person
Ermine is protected by the Rehab Act and an accommodation of release is appropriate due to the fact tha
she cannot even focus and therefore the lack of accommodations is directly impeding her access to
immigration court proceedings where her asylum application will be heard.

Please let me know if you have any questions or need any additional information and hope everyone on this email has a nice weekend.


Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:   gillman@rfkhumanrights.org

W:   rfkhumanrights.org

Twitter | Facebook | Instagram


**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**


On Tue, Sep 3, 2024 at 4:32 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon:


I am writing to follow up on my last email to 1) request any further explanation as to why parole is being denied and 2) to once again request that Ermine be released.


On this date, RFK had a video legal call with Ermine and so we were able to see Ermine and the state that she is currently in and to provide additional information that supports releasing Ermine immediately from detention.

·   Ermine can hardly walk-she has a cane, a makeshift bandage around one of her legs and has to be held up by another woman who has no medical training, is being paid $1.00 a day and is also detained by ICE.

·   Ermine cried the entire time that we were on the legal call.

·   Ermine has not been provided with any medically trained professional that can assist her with undressing, taking a shower and all daily activities that she is not able to perform given the excruciating pain that she is in which we can see visibly on the video legal calls. She can hardly walk. Upon information and belief, the woman who is being paid $1.00 a day has been told and had to sign a document that she is not able to assist Ermine with taking her clothes off or taking a shower. **Ermine has not been provided any accommodations for her disability. The appropriate accommodation is release from detention.**

·   Ermine relayed today that one of the people who is employed by the government at the facility in the "medical unit" told Ermine that Ermine should not complain about the pain she is in because this employee "had pain her legs too but still goes to work and does work" and that Ermine should, in sum and substance, bear the pain and stop complaining. As you all know, this behavior is not only unprofessional but also medically unethical and violates the PBNDS and federal laws that protect disabled people in the United States.

·   Ermine cried because 1) she is in excruciating pain due to her medical disability that we have documented numerous times in written communications with ICE, 2) she cannot sleep due to the excruciating pain that she has from her medical disability and 3) is now having extremely painful headaches.

·   Ermine has not been offered any medical care beyond opioid based painkillers that will do nothing more than numb her entire body and that are not therapeutic but are highly highly addictive. Rather than provide medical care for Ermine, each day people employed by ICE/the Jail bring her the medications and each day she refuses. Upon information and belief, when Ermine refuses highly addictive drugs a note is placed in her medical records. This is not medical care.

·   Ermine passed her credible fear interview process, the family members that she presented with at the border seeking asylum were released and yet she remains detained. She and her family used the CBP One application-so they followed a lawful process that was held out by the government.   She has an extensive United States Citizen family in the United States.

·   The parole denials are cursory in nature and therefore do not provide any meaningful notice of why parole continues to be denied to Ermine. The parole denials state that additional information can be provided but when additional information/supporting documents were provided the same denial was issued.

·   Ermine is a disabled person and her disability and lack of any appropriate medical care and accommodations are precluding her ability to even present her case for asylum. She is in such excruciating pain that she cannot meaningfully participate in the proceeding that will decide her asylum application.

·   Ermine relayed today that she is in so much pain she cannot even focus.

It strains credulity as to why Ermine remains detained based upon the communications that ICE has had in this matter. Beyond the cursory denials, there is no substantive statement or arguments that can be responded to by Ermine and her counsel.

Thank you and we once again request that Emrine be released-she is not a danger to the community and ICE has never claimed that she is on any of the cursory denials of paroles, the flight risk analysis not based upon anything more than a cursory form statement in the parole denials and as disabled person Ermine is protected by the Rehab Act and an accommodation of release is appropriate due to the fact that she cannot even focus and therefore the lack of accommodations is directly impeding her access to immigration court proceedings where her asylum application will be heard.

Please let me know if you have any questions or need any additional information and hope everyone o this email has a nice weekend.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Fri, Aug 30, 2024 at 11:51 AM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good morning,

I am writing to follow up on my last email to 1) request any further explanation as to why parole is being denied and 2) to once again request that Ermine be released.

On this date, RFK had a video legal call with Ermine and so we were able to see Ermine and the state that she is currently in.

· Ermine can hardly walk-she has a cane, a makeshift bandage around one of her leg and has to be held up by another woman who has no medical training, is being paid $1.0 a day and is also detained by ICE.

· Ermine cried the entire time that we were on the legal call.

· Ermine relayed that two days ago two officers woke her entire unit up at 1am (the entire unit was understandably asleep) and made everyone detained in the unit change their beds to different locations. Despite the well-documented fact that Ermine has a medical disability, Ermine was not able to remain in a bed that is close to the woman tha is being paid a $1.00 a day who is the only person who hold Ermine up when she walks, when she takes a shower and when she has to go to the bathroom. The two officers acte in a manner that was threatening and therefore neither Ermine nor the woman who is being paid $1.00 a day felt safe to respond after a request was made that their beds remain close to each other. Specifically, the two officers said that if everyone did not do what they were being told then everyone would just be moved to another unit. It is beyor comprehension why two officers would wake up an entire unit at 1am to move beds and then act in a manner that was threatening and instilled fear in the women, including Ermine, at 1am in the morning.

· Ermine cried because 1) she is in excruciating pain due to her medical disability that we have documented numerous times in written communications with ICE, 2) she cann sleep due to the excruciating pain that she has from her medical disability and 3) is now having extremely painful headaches. Ermine also relayed today that she has not been able to shave under her arms or her legs-a matter of personal hygiene and dignity. Ermine also relays that she only takes about two showers in a seven day period because she is terrified of falling and she is also extremely shy about being naked in front of another woman. Ermine relayed that she cannot go to the shower without the help of th woman who is being paid $1.00 a day so has resigned to the fact that in order to bathe she has to give up her right to privacy and human dignity and right to not have to expose her body to someone else.

· Ermine has not been offered any medical care beyond opioid based painkillers that v do nothing more than numb her entire body and that are not therapeutic but are highly highly addictive. Rather than provide medical care for Ermine, each day people employe by ICE/the Jail bring her the medications and each day she refuses. Upon information an belief, when Ermine refuses highly addictive drugs a note is placed in her medical records. This is not medical care.

· Ermine passed her credible fear interview process, the family members that she presented with at the border seeking asylum were released and yet she remains detaine She and her family used the CBP One application-so they followed a lawful process that was held out by the government. She has an extensive United States Citizen family in the United States.

10/20/24, 12:19 PM                    Robert F. Kennedy Human Rights Mail - Request that Louisiana asylum seeker, Ermine, should be immediately Released from Detenti…

Case 2:24-cv-02519   Document 1-9   Filed 10/21/24   Page 24 of 46

> · The parole denials are cursory in nature and therefore do not provide any meaningful notice of why parole continues to be denied to Ermine. The parole denials state that additional information can be provided but when additional information/supporting documents were provided the same denial was issued.
>
> · Ermine is a disabled person and her disability and lack of any appropriate medical care and accommodations are precluding her ability to even present her case for asylum
>
> · Ermine relayed today that she is in so much pain she cannot even focus.

It strains credulity as to why Ermine remains detained based upon the communications that ICE has had in this matter. Beyond the cursory denials, there is no substantive statement or arguments that can be responded to by Ermine and her counsel.

Thank you.

Please let me know if you have any questions or need any additional information and hope everyone on this email has a nice weekend.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Aug 27, 2024 at 4:20 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon:

I am writing to follow up on my email to 1) request any further explanation as to why parole is being denied, 2) request that the medical records be electronically transmitted to RFK Human Rights (including medical records for any outside medical providers) and 3) to once again request that Ermine be released.

On this date, RFK had a video legal call with Ermine and so we were able to see Ermine and the state that she is currently in.

- Ermine can hardly walk-she has a cane, a makeshift bandage around one of her legs and has to be held up by another woman who has no medical training, is being paid a $1.00 a day and is also detained by ICE
- Ermine cried the entire time that we were on the legal call.
- Ermine cried because 1) she is in excruciating pain due to her medical disability that we have documented numerous times in written communications with ICE, 2) she cannot sleep due to the excruciating pain that she has from her medical disability and 3) is now having extremely painful headaches.
- Ermine has not been offered any medical care beyond opioid based painkillers that will do nothing more than numb her entire body and that are not therapeutic but are highly highly addictive. Rather than provide medical care for Ermine, each day people employed by ICE/the Jail bring her the medications and each day she refuses. Upon information and belief, when Ermine refuses highly addictive drugs a note is placed in her medical records. This is not medical care.
- Ermine passed her credible fear interview process, the family members that she presented with at the border seeking asylum were released and yet she remains detained. She has an extensive United States Citizen family in the United States.
- The parole denials are cursory in nature and therefore do not provide any meaningful notice of why parole continues to be denied to Ermine. The parole denials state that additional information can be provided but when additional information/supporting documents were provided the same denial was issued.
- Ermine is a disabled person and her disability and lack of any appropriate medical care and accommodations are precluding her ability to even present her case for asylum.
- Ermine relayed today that she is in so much pain she cannot even focus.

It strains credulity as to why Ermine remains detained based upon the communications that ICE has had in this matter. Beyond the cursory denials, there is no substantive statement or argument that can be responded to by Ermine and her counsel.

Thank you and we once again request that Emrine be released-she is not a danger to the community and ICE has never claimed that she is on any of the cursory denials of paroles, the flight risk analysis is not based upon anything more than a cursory form statement in the parole

denials and as  disabled person Ermine is protected by the Rehab Act and an accommodation of release is appropriate due to the fact that she cannot even focus and therefore the lack of accommodations is directly impeding her access to immigration court proceedings where her asylum application will be heard.

Please let me know if you have any questions or need any additional information.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Aug 23, 2024 at 5:16 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Dear AFOD Metoyer:

Thank you for your email.  Is this the entirety of the parole decision?  The parole denial is identical to the previous parole denials and misstates that additional documentation was not provided-additional documentation including an additional sponsor who submitted tax returns, proof of United States Citizenship and proof of address. The parole denial also does n include any discussion of the fact that Ermine is a medically disabled woman and that release not only a reasonable accommodation but would be in accordance with the applicable laws that we have repeatedly set forth in communications with ICE and the most recent parole decision.  Is ICE denying parole to Ermine because of her sponsors? Is ICE denying parole to Ermine because she has a Court date in the next four weeks? Or is ICE denying Ermine base upon her country of origin?  The denial of parole is cursory in nature and while you state that Ermine and her family can submit additional documentation, it is unclear as to what documentation you require. With respect to flight risk it is unclear the basis of this determinati As you know, the essence of due process is that notice be provided in a manner that allows fo a meaningful response. In this case, the parole decision does not provide meaningful notice a thus the response that we can provide is akin to us searching in the dark for which switch will turn on the light.

Will you also be sending the medical records electronically or is ICE's position that even with a privacy waiver that authorizes disclosure to RFK Human Rights it will only give the medical records to Ermine-who is medically disabled?

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Aug 23, 2024 at 5:04 PM Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov> wrot

Please see attached parole decision.

**Jacques T. Metoyer, MSCJ**

Assistant Field Office Director

New Orleans Field Office

Enforcement and Removal Operations

U.S. Immigration & Customs Enforcement

Telephone: (318)335-7567

Work Cell: (318)485-1227

1010 East Whatley Rd.

Oakdale, LA. 71463

Jacques.T.Metoyer@ice.dhs.gov

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Friday, August 23, 2024 3:45 PM
**To:** Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov>
**Cc:** Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>; Holland, David B
<David.B.Holland@ice.dhs.gov>; Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov
Arvie, Jamien <Jamien.Arvie@ice.dhs.gov>; Sarah Decker
<decker@rfkhumanrights.org>; Andrew Perry <aperry@laaclu.org>;
nahmed@laaclu.org>; Hinken, Anna <anna.hinken@hq.dhs.gov>; DHS-OIG Office
of Public Affairs <dhs-oig.officepublicaffairs@oig.dhs.gov>; OIDO_Outreach
<OIDO_Outreach@hq.dhs.gov>; Sivaprasad Wadhia, Shoba
<Shoba.SivaprasadWadhia@hq.dhs.gov>; McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719 Request to Reconsider
Denial of Parole Request-New Request for Release if Attached-Ermine is in
Extreme Pain and Her Disability Cannot be Accommodated in Detention

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open
attachments unless you recognize and/or trust the sender. Please use the Cofense Repo
Phishing button to report. If the button is not present, click here and follow instructions.

---

Dear ICE NOLA:

Ermine's family advised me this afternoon that ICE provided her with a document that she
understood-but is not certain because it was in English and not translated to her in a
language that she can understand-a parole denial. Can you please provide a copy of the
document that was given to Ermine today?

Also, I would like to once again request that Ermine's medical records are transmitted to me
in electronic form given Ermine's medical disability that is impacting her ability to function
mentally and physically on a daily basis. Providing the medical records to RFK who is
authorized to receive in electronic format is a reasonable accommodation that should be
made by ICE.

I have provided a privacy waiver to NOLA ICE but for the avoidance of any doubt the ICE
privacy waiver is attached hereto again.

Thank you and hope everyone has a nice weekend.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

10/20/24, 12:19 PM                    Robert F. Kennedy Human Rights Mail - Urgent: Ermine Isidor, A# [redacted]; Ermine Should be Immediately Released from Detenti...

Case 2:24-cv-02519   Document 1-9   Filed 10/21/24   Page 27 of 46

On Tue, Aug 20, 2024 at 5:21 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Dear ICE NOLA:

I am writing to request that ICE NOLA issue a decision on the request for release (request to consider denial of parole request) that was submitted on August 7, 2024 and that I sent a second time in this email thread. For ease of reference and convenience, I am attaching the request submitted on August 7, 2024 again.  I am also attaching an email from ICE Case Review that advises that a decision has not been made on the request for release submitted on August 7, 2024 by ICE NOLA which first must take place.

**Also, on this date, August 20, 2024,  I met with Ermine via a VAV Legal Video Call and therefore was able to personally observe Ermine-she can barely walk and as she does she is in excruciating pain and cries. I had not been able to have a VAV Legal Call until today due to the jails schedule for legal calls but today I was able to observe Ermine and she cannot walk, she has extremely limited mobility and she is in visible and constant pain and should be released from detention as a person with a medical disability.**

Ermine came to the United States to seek safety-asylum-and despite making a CBP One App appointment she was detained at the border. At the time of her detention, Ermine had leg braces on both of her knees due to her medical disability that impedes her ability to walk-which I observed today-and a cane.  ICE/CPB took the leg braces from Ermine and her cane and she has never been provided with the leg braces since that day.  Today, she had a makeshift bandage around one of her knees that she is using in an attempt to alleviate her pain but the makeshift bandage.  Ermine relayed today that she is in so much pain that she cannot even remember the date most days, cannot sleep and is losing her memory as she continues to be detained.  The federal definition of what constitutes a disability is broad. 42 U.S.C. § 12102(4)(A). A disability is defined as "a physical or mental impairment that substantially limits one or more life activities" and includes an individual with a record of or who is regarded as having such an impairment. 42 U.S.C. § 12102(1). Physical or mental impairments include mental illness. 6 C.F.R. 15.3(d). Section 504 of the Rehabilitation Act ("Section 504") prohibits discrimination based on disability in programs or activities conducted by executive agencies of the United States. 29 U.S.C. § 794. Individuals are entitled to accommodation under Section 504 if they have a disability-a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). This is a reasonable and necessary accommodation and is neither a "fundamental alteration" nor an "undue financial or administrative burden." *Alexander v. Choate*, 469 U.S. 287, 299-300, 302 n.21 (1985). A fundamental alteration is one that changes an "essential aspect" of the program. *Cf PGA Tour, Inc. v. Martin*, 532 U.S. 661-663 (2001) (discussing the distinction between a fundamental alteration and peripheral features of a program for a disabled golfer requesting the use of a golf cart). **Ermine suffers from all of the medical conditions and has a medical disability that we have documented in this email and has family in the United States that can care for her if she is released from detention.  Release from detention is a reasonable accommodation that should be granted to Ermine.**

Thank you and please let me know if you have any questions or need any additional information.

Sarah.

Sarah T. Gillman

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.

On Fri, Aug 16, 2024 at 9:35 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good evening,

I am writing once again about Ermine because her family-her own sister who is a United States Citizen (USC) and with whom she can live-received a call from Ermine this evening who continues to be in extreme pain and is now being told by the jail that she has to take tramadol and duloxetin and oxycontin.  As you all know, all three of these medications are opioid based and highly addictive. From what Ermine understands fro

what the jail told her she has no choice but to take but as you all know people-even those in ICE detention-cannot be forced to take highly addictive opioid based medications.

As I stated in my prior email today, I have not been able to have a legal call with Ermine because each request this week for a legal call was denied on the basis of lack of availability.

If Ermine is released by ICE, she can go live with her family who can financially suppor her, ensure that she goes to any and all appointments with ICE and the immigration court and most importantly ensure that she receives the appropriate and necessary medical care that does not involve the use of highly opioid based drugs.

If ICE has any questions about the request for release that has been submitted or needs any additional information, please advise.

Thank you for your anticipated attention to the foregoing.

Sarah

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Aug 16, 2024 at 12:52 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote

Good afternoon,

I am writing to once again request that Ermine be released from detention. I am onc again attaching the request for release for ease of reference.

Also, I have not been able to have a legal call with Ermine this week. I have made numerous requests to the jail but was advised that there are only three phones available for legal calls and therefore the slots fill up quickly. Upon information and belief, the total capacity of the jail where Ermine is being held is near to 1000 peopl (It is unknown what the current number of people being held there is) but it would seem that three phones for legal calls is not sufficient given the capacity of the jail.

Thank you and please let me know if you have any questions or need any additiona information.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Mon, Aug 12, 2024 at 7:31 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good evening,
I am writing to once again request that ICE release Ermine.

On this date, Ermine's family contacted me to advise that she called them twice today and during both of the calls she was crying due to the excruciating and debilitating pain that she is experiencing due to her medical disability.  RFK Human Rights has stated in previous emails that Ermine is in medical distress and that an accommodation should be made and she should be released.

We submitted a request for reconsideration of the denial of parole denial last week and as of the date and time of this email have not received a response.  The request for reconsideration included new information regarding additional family members that can provide financial and emotional support for Ermine.   If ICE has any questions or needs any additional information, please let me know and we can respond accordingly.

Thank you and hope everyone has a nice evening.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Fri, Aug 9, 2024 at 1:17 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon,

I spoke with Ermine on a legal call this afternoon and she continues to be a great deal of pain.  While she is receiving pain medication, it is only given eve six hours and it does not alleviate the pain that she is having. During the call today. Ermine cried the entire time because she explained it feels like her leg burning and the pain medication was not working to alleviate the pain.  Ermine condition is not improving, but rather it is getting worse and therefore we once again request that her request to be released from detention be granted.

If ICE has any questions about the request for release that was submitted or t supporting documents thereto or needs any additional information, please advise and we will respond.

Thank you and hope everyone has a nice weekend.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Thu, Aug 8, 2024 at 4:36 PM Sarah Gillman <gillman@rfkhumanrights.org>
wrote:

Good afternoon,

I was able to speak with Ermine this afternoon on a pre-scheduled legal cal
Ermine advised that she was taken to the hospital/doctor this week.  Ermine
advised that an ultrasound was ordered and also that she get physical
therapy. The doctor did give Ermine a shot that has assisted her but she
remains limited in her daily mobility and is still unable to take a shower on h
own or to take care of basic hygiene such as shaving her legs and cutting h
toenails because her mobility continues to be limited.  Ermine is no longer
using the wheelchair but is now relying on a cruch.  Ermine cried on the
phone and again.

Please let me know if you have any questions or need any additional
information to review the request for release.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W:  rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Wed, Aug 7, 2024 at 4:54 PM Sarah Gillman
<gillman@rfkhumanrights.org> wrote:

Good afternoon,

Ermine's family advised me that Ermine was taken to the hospital and
brought back and that she continues to be in medical distress. I
have requested a legal call but was advised there were no available time
slots for today so will not have a legal call until tomorrow.

The July 29, 2024, parole denial did not provide any explanation as to w
ERO/ICE does not believe that the imposition of additional conditions
release would ensure against any flight risk concerns that ICE has and c
not set forth that Ermine's brother-in-law and sister did not meet t
income requirements that ICE may have for sponsors.  While RFK Hum
Rights does not know whether ICE denied the parole request on the ba
that Ermine's sister and brother-in-law do not make enough money, v
now submit additional evidence that Ermine will be financially provided
by her family.  Specifically, Khachik Arsenovich Grigoryan, the brother
Ermine's brother-in-law, is also submitting a letter and his information
demonstrate that the family is able to provide financially for Ermine.  *S*
Exh. 2, Letter dated August 8, 2024, from Khachik Arsenovich Grigory
("Khachik Letter") together with 2023 Income Tax Returns, USA Passp
Face Page, California Driver's License and proof of residence/address
the form of utility bills. As is reflected by the 2023 Income Tax Return
Khachik Arsenovich Grigoryan and his wife have sufficient income
provide any additional economic support for Ermine. As is also set forth
the Khachik Letter, he will also ensure that Ermine goes to
appointments with the immigration court and with ICE.  This is a close-k
family and therefore they collectively will be able to provide the incor
support, emotional support, medical care and support for Ermine to ma
all appointments with ICE and with the immigration court.

RFK Human Rights has documented in emails to ICE that Ermine
suffering in detention. She has cried during every legal call that RI
Human Rights has had with her, and she has not received the necessa

and critical medical care and accommodations for her disability that s
requires. Ermine's arms and legs are largely immobile, and she is
excruciating pain. She has extreme numbness in her fingers and is losi
feeling in her fingers. She also has not been able to take regular showe
because it is not possible for her to take a shower without assistance, an
she is understandably shy and uncomfortable with being naked in front
other women. She also has not been able to physically use a razor
shave her legs and under arms and feels a great deal of shame becau
she is not able to maintain her hygiene. She also needs women
provide sufficient physical support when she is in the shower, so she do
not fall. Ermine has also been unable to eat because she is extreme
depressed. Finally, Ermine has not been able to sleep-she is in extrem
pain, depressed, anxious and has developed a hernia and extreme pain
her neck and does not have anything to alleviate the pain. Ermine
distraught on a daily basis, in pain and during legal calls that RFK Hum
Rights has had with her she cries the entire time.

The federal definition of what constitutes a disability is broad. 42 U.S. C
12102(4)(A). A disability is defined as "a physical or mental impairmen
that substantially limits one or more life activities" and includes
individual with a record of or who is regarded as having such
impairment. 42 U.S.C. § 12102(1). Physical or mental impairments inclu
mental illness. 6 C.F.R. 15.3(d). Section 504 of the Rehabilitation A
("Section 504") prohibits discrimination based on disability in programs
activities conducted by executive agencies of the United States. 29 U.S.
§ 794. Individuals are entitled to accommodation under Section 504 if th
have a disability-a "physical or mental impairment that substantially lim
one or more major life activities." 42 U.S.C. § 12102(1). This is
reasonable and necessary accommodation and is neither a "fundamen
alteration" nor an "undue financial or administrative burden." *Alexander*
*Choate*, 469 U.S. 287, 299-300, 302 n.21 (1985). A fundamental alterati
is one that changes an "essential aspect" of the program. *Cf PGA To*
*Inc. v. Martin*, 532 U.S. 661-663 (2001) (discussing the distinction betwe
a fundamental alteration and peripheral features of a program for
disabled golfer requesting the use of a golf cart).

Release of Ermine as a disabled woman given the evidence that she h
USC family in the United States who can provide a home, econom
support, access to medical care and ensure that she complies with all I(
appointments and immigration court dates is a reasonal
accommodation.

Ermine has every reason to comply with all Court and immigration dates
because she came to the United States for safety and to apply for asylur
Ermine's detention is also not a danger to the community. Ermine's detention is for t
purposes of immigration. There is therefore no basis to conclude that sh
is a danger to the community.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Aug 6, 2024 at 2:43 PM Sarah Gillman
<gillman@rfkhumanrights.org> wrote:

Good afternoon,

Thank you for email. I have set forth in prior emails that Ermine's
medical condition is impeding her daily living and that she is not
receiving the necessary and critical medical care that she requires an
therefore an accommodation should be made and she should be
released. The federal definition of what constitutes a disability is broac
42 U.S. C. § 12102(4)(A). A disability is defined as "a physical or
mental impairment that substantially limits one or more life activities"
and includes an individual with a record of or who is regarded as havin

such an impairment. 42 U.S.C. § 12102(1). Physical or mental impairments include mental illness. 6 C.F.R. 15.3(d). The accommodation that we have requested-release-is a reasonable accommodation.

Also, can you advise as to where Ermine is at the present time? Her family advised me a few minutes ago that they received a call from someone at the facility that Ermine is not at Basile and was taken to the hospital?  If the information that her family received is accurate, can you confirm and also advise the name of the hospital and how I would be able to contact Ermine for a legal call?

Finally, I received a separate email from Jamien Arvie.  Jamien, thank you for your email but as is clear from the email stream that I have had regarding this matter. the legal issue is not confined to the parole decision making process in this case but extends beyond to the issue that Ermine is disabled and as such should be afforded a reasonable accommodation of release.  Given her mobility issues, it strains credulity that she would be a flight risk and if there are security concerns we have a G28 on file and I would request that you provided me with any documentation that ICE is relying upon to make the determination to deny release so that we can respond in a meaningful manner vs. trying to guess the reason why parole continues to be denied.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Aug 6, 2024 at 12:29 PM Metoyer, Jacques T <Jacques.T.Metoyer@ice.dhs.gov> wrote:

Good afternoon,

I hope all is well.  We have consulted with South Louisiana ICE Processing Center's Health Services Management Team, and they advised that your client's medical concerns have been evaluated, addressed, and treated.  The facility has rendered accommodations for your client to ensure proper medical care. We have reviewed your request for release and supporting documentation.  After consideration of the totality of circumstances specific to your client, we have determined that they do not support a favorable exercise of discretionary authority. Your request for release is denied at this time.

**Jacques T. Metoyer, MSCJ**

Assistant Field Office Director

New Orleans Field Office

Enforcement and Removal Operations

U.S. Immigration & Customs Enforcement

Telephone: (318)335-7567

Work Cell: (318)485-1227

1010 East Whatley Rd.

Oakdale, LA. 71463

Jacques.T.Metoyer@ice.dhs.gov

---

**From:** Sarah Gillman <gillman@rfkhumanrights.org>

**Date:** Monday, Aug 05, 2024 at 16:05

**To:** McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov>

**Cc:** Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>, Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>, Sarah Decker <decker@rfkhumanrights.org>, Hinken, Anna <ANNA.HINKEN@hq.dhs.gov>, Andrew Perry <aperry@laaclu.org>, nahmed@laaclu.org <nahmed@laaclu.org>

**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719 Request to Reconsider Denial of Parole Request-Ermine is in Extreme Pain and Her Disability Cannot be Accommodated in Detention

---

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

---

Good afternoon,

Thank you for your email DO McCullough.

While I understand that you were not the person reviewing the parole requests, I have ccd others from ICE NOLA on this email and would respectfully request that we be provided with the reason why the parole request that RFK submitted was denied.

In addition, I write again regarding Ermine's current situation. I spoke with Ermine on a pre-scheduled legal call today (I have to request legal calls and it is not possible to get every day and therefore this was the first time I was able to speak with her following my last email on Thursday, August 1, 2024). During the entirety of my legal call with Ermine she cried and expressed that she continues to be in extreme pain and is suffering emotionally. While Ermine was provided with a wheelchair, that has not ameliorated her underlying medical conditions-both of her arms and legs are largely immobile and she is in excruciating pain. She has extreme numbness in her fingers and is losing feeling in her fingers. She also has not been able to take regular showers because it is not possible for her to take a shower without assistance and she is understandably shy and uncomfortable with being naked in front of other women. She also has not been able to physically use a razor to shave her legs and under arms and feels a great deal of shame because she is not able to maintain her hygiene. She also needs women to provide sufficient physical support when she is in the shower so she does not fall. Ermine has also been unable to eat because she is extremely depressed. Finally, Ermine has not been able to sleep-she is in extreme pain, depressed, anxious and has developed a hernia and extreme pain in her neck and does not have anything to alleviate the pain. She does not have a pillow-rather the mattress provided has a small bump in the place of where a pillow would normally be placed. While you state in your email that all "medical concerns" have been managed at the facility Ermine has relayed that is not the case and she was distraught, in pain and crying the entire time that I was on the phone with her today.

I once again request that Ermine be released from detention for all the reasons that I have previously set forth in my prior emails.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Thu, Aug 1, 2024 at 11:16 AM McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov> wrote:

Of course,

Please find the attached requested initial parole denial
notification.  I was not involved in either parole review,
therefore I could not provide greater detail as to the
designation of potential for 'flight risk'.  In general, if no
derogatory information exists on the subject, it very well
may be due to an issue identified with the subjects U.S.
sponsor.  I can't confirm that, as I did not review or
adjudicate either, but I usually advise attorneys and/or
family to look into finding another sponsor and
resubmitting for another review under that circumstance.
understand there are medical issues in this case as well,
and facility medical advises they are aware of those
medical concerns and that all required care has been abl
to be managed at the facility level thus far.

Thank you,

**Brant McCullough**

Deportation Officer

New Orleans Field Office

Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Thursday, August 1, 2024 9:58 AM
**To:** McCullough, Brant L <Brant.L.McCullough@ice.dhs.
gov>
**Cc:** Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>;
Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>;
Sarah Decker <decker@rfkhumanrights.org>; Hinken,
Anna <ANNA.HINKEN@hq.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 719
Request to Reconsider Denial of Parole Request-Ermine
in Extreme Pain and Her Disability Cannot be
Accommodated in Detention

**CAUTION:** This email originated from outside of DHS. DO NO
click links or open attachments unless you recognize and/or
trust the sender. Please use the Cofense Report Phishing butto
to report. If the button is not present, click here and follow
instructions.

Hello,

Thank you Officer McCullough for providing the parole denial. If
you can also provide the previous parole denial that would be
greatly appreciated. As is set forth in my communications with
ICE, Ermine's family paid an attorney to submit a parole

request but was not able to reach that attorney. Therefore, RFK
Human Rights assisted the second parole request but RFK
Human Rights did not have the first parole denial.

I also write in reply and again request that ICE reconsider the
denial of parole for Ermine.  To begin with the parole denial that
you attached does not provide any explanation as to why
ERO/ICE does not believe that the imposition of additional
conditions of release would ensure against any flight risk concer
that ICE has. In the parole request that RFK Human Rights
submitted for Ermine, we provided 1) a letter from her brother-in-
law who is married to Ermine's sister that sets forth he and his
wife are a) United States Citizens (USC), b) own their own home
c) provide a description of their home and that they will have roo
for Ermine and d) can provide appropriate care and support for
Ermine's medical conditions that render her disabled.  The letter
also sets forth that Ermine's brother-in-law and sister will ensure
that she attends all court dates and any appointments with
immigration. Ermine came here for safety and to apply for asylur
so it strains credulity as to why ERO/ICE would determine based
upon these facts that release with conditions such as a bond is r
satisfactory.  Second, the parole denial does not take into
consideration the fact that Ermine is in medical distress and is a
disabled person  and that ICE detention cannot accommodate he
disabilities.

The denial of parole request seems to be cursory in nature and
while you state that Ermine and her family can submit additional
documentation, it is unclear as to what documentation you requi
Proof of income was submitted and if the sponsor does not meet
the income satisfaction of ICE (which is not known to RFK Huma
Rights because it is not publicly available) can you please provid
additional details so we can respond.  If an additional sponsor is
required, Ermine's brother-in-law's brother can serve as an
additional sponsor and we can submit his income information.
With respect to flight risk it is unclear the basis of this
determination. While Ermine has an immigration court date on
August 21, 2024 we understand from stakeholder meetings that
the date of an immigration court hearing (i.e. if it is within four (4)
weeks) does not impact the parole decision-as it should not.

I appreciate that you have now provided us with the parole
decision which I understand you did not have access to until this
morning because you were not able to provide earlier this week,
but I would also appreciate it if you can provide us with detailed
information that ICE requires in this case.  As you know, the
essence of due process is that notice be provided in a manner
that allows for a meaningful response. In this case, the parole
decision does not provide meaningful notice and thus the
response that we can provide is akin to us searching in the dark
for which switch will turn on the light.  As you can understand,
Ermine is in excruciating pain and cried during the entirety of my
phone call with her on this date and therefore we would like to
provide any additional information that is required by ICE.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Thu, Aug 1, 2024 at 10:23 AM McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov> wrote:

> Please find the attached 'Notification Declining to Grant
> Parole'.  Parole was denied following a review by our
> parole review team with concurrence from the AFOD.

Parole is granted and/or denied at the discretion of ICE/ERO. At this time, your client has been reviewed for parole and denied on two (2) separate occasions. As always, you may continue to review and revise your request and submit again in the future. At this time however, ICE/ERO does not consider the parole of your client to be a favorable exercise of ERO's discretionary authority.

Thank you.

**Brant McCullough**

Deportation Officer

New Orleans Field Office

Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Thursday, August 1, 2024 9:00 AM
**To:** McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov>
**Cc:** Ladwig, Scott G <Scott.G.Ladwig@ice.dhs.gov>; Harper, Mellissa B <Mellissa.B.Harper@ice.dhs.gov>; Sarah Decker <decker@rfkhumanrights.org>; Hinken, Anna <anna.hinken@hq.dhs.gov>
**Subject:** Re: URGENT- Nersisian, Ermine 249 375 71 Request to Reconsider Denial of Parole Request-Ermine is in Extreme Pain and Her Disability Cannot be Accommodated in Detention

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good morning,

I am writing to follow up to see if you received the parole decision? If not, can you please provide me with the contact of the person who I need to email to get a copy? Ermine was given a copy but it was just handed to her and there was no translation provided. Ermine does not speak or understand English and she does not read English at all.

In addition, I am once again asking that Ermine be released due to the fact that she has serious medical issues that impede her ability to function on a daily basis at Basile and has not been provided with sufficient accommodation. While Ermine was provided with a wheelchair, that has not ameliorated her underlying medical conditions-both of her arms and legs are largely immobile and she is in excruciating pain. She has extreme numbness in her fingers and is losing feeling in her fingers. She also has not been able to take regular showers because it is not possible for her to take a shower without assistance and she is understandably shy and uncomfortable with being naked in front of other women. She also has not been able to physically use a razor to shave her legs and under arms and feels a great deal of shame because she is not able to maintain her hygiene. She also needs women to provide sufficient physical support when she is in the shower so she does not fall. Ermine has also been unable to eat because she is extremely depressed. Finally, Ermine has not been able to sleep-she is in extreme pain, depressed, anxious and has developed a hernia and extreme pain in her neck and does not have anything to alleviate the pain. She does not have a pillow-rather the mattress provided has a sm

bump in the place of where a pillow would normally be placed. During a legal call I had with Ermine this morning, she cried the entire time, and expressed that she is in excruciating pain and is in a desperate state.

The parole request that we submitted sets forth the following:

- Ermine has a sister and brother-in-law who are United States Citizens (USC) and are able to provide her with home and ensure she receives proper medical care. If there is an issue with the sponsor's income, ICE can advise and another family member can also submit documentation to demonstrate additional financial abili to support.
- Ermine came to the United States to seek safety and is neither a threat or a flight risk. She can hardly move at this time due to her medical issues.
- Ermine is a disabled person and release is a reasonab accommodation. disability in programs or activities conducted by executive agencies of the United States. 29 U.S.C. § 794. This provision not only incorporates key language from the Civil Rights Act of 1964, but goe further—it imposes an affirmative obligation on public entities to reasonably modify their rules, policies and practices, in order to make benefits, services and programs accessible to people with disabilities. *See Disabled in Action v. Bd. of Elections in City of New Yo* 752 F.3d 189, 196–97 (2d Cir. 2014). Under Section 50 a federally funded agency illegally discriminates agains individuals with disabilities when it fails to provide "meaningful access" to its benefits, programs, or services. *Alexander v. Choate*, 469 U.S. 287, 301 (1985); *Disabled in Action*, 752 F.3d at 197; *see also Tennessee v. Lane*, 541 U.S. 509, 531 (2004). Individuals are entitled to accommodation under Sectio 504 if they have a disability—a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). This includes individuals living with physical and mental health disabilities like Ermine. Release of Ermine from detention is a reasonable accommodation.

For ease of reference, I am attaching the release request that was submitted again. Please let me know if you have any questions or need any additional information in order to reconsider the denial of the release request.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Tue, Jul 30, 2024 at 8:38 AM McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov> wrote:

Absolutely, I will forward when I receive it back.

Thank you.

Take Care,

**Brant McCullough**

Deportation Officer

New Orleans Field Office

10/20/24, 12:19 PM          Robert F. Kennedy Human Rights Mail - Re: Nersisian, Ermine ... Should be Ultimately Released from Detenti...

Case 2:24-cv-02519 Document 1-9 Filed 10/21/24 Page 38 of 46

Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Tuesday, July 30, 2024 7:37 AM
**To:** McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov>
**Subject:** Re: Nersisian, Ermine 249 375 719

**CAUTION:** This email originated from outside of DHS. D(
NOT click links or open attachments unless you recogniz
and/or trust the sender. Please use the Cofense Report
Phishing button to report. If the button is not present, clic
here and follow instructions.

Good morning,

Thank you for your email. Thank you for sending me the
decision once you receive it because I would like to reques
reconsideration of the denial.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Jul 30, 2024 at 8:27 AM McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov> wrote:

> Per the comments in our system, it looks like they
> did deny the parole and sent a denial letter for
> service on Ms. Nersisian.  I have not received the
> file back yet from their review, but I will forward a
> copy of the decision to your attention as soon as I
> have it back.  Please feel free to check back in
> anytime to check.
>
> Thank you.
>
> Take Care,
>
> **Brant McCullough**
>
> Deportation Officer
>
> New Orleans Field Office
>
> Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Sarah Gillman
<gillman@rfkhumanrights.org>
**Sent:** Tuesday, July 30, 2024 6:39 AM
**To:** McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov>
**Subject:** Re: Nersisian, Ermine 249 375 719

---

**CAUTION:** This email originated from outside of DHS.
DO NOT click links or open attachments unless you
recognize and/or trust the sender. Please use the
Cofense Report Phishing button to report. If the button
not present, click here and follow instructions.

---

Good morning,

Hope you had a nice weekend.

I heard from Ermine's family last night that Ermine
understood the parole request had been denied? Is that
accurate or is the parole request still being considered?
the parole request has been decided would you be able
provide me with a copy of the decision?

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Thu, Jul 25, 2024 at 4:52 PM Sarah Gillman
<gillman@rfkhumanrights.org> wrote:

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Thu, Jul 25, 2024 at 3:53 PM McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov> wrote:

Good Afternoon,

I am in receipt of your request and supporting information/documents.  I will forward to our TDY parole review team today for review and adjudication.  I will advise as soon as I have a response and final determination from them.

Thank you.

Take Care,

**Brant McCullough**

Deportation Officer

New Orleans Field Office

Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

---

**From:** Sarah Gillman <gillman@rfkhumanrights.org>
**Sent:** Thursday, July 25, 2024 2:44 PM
**To:** McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov>
**Subject:** Re: Nersisian, Ermine 249 375 719

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon,

Attached is a release request for Ermine that includes all of the requested information.

As is set forth in the Sponsor Letter, Ermine can live with her sister and brother-in-law in their home in California and as is demonstrated from their bank statements there is sufficient income to be able to support Ermine.  Ermine's family will also be able to provide assistance with her medical needs. Ermine's medical disability impedes her daily living.  It is extremely painful for Ermine to walk and she is not able to take a shower without assistance due to the fact that her medical disability makes it difficult to maintain stability while in the shower.  If Ermine is released, her sister and brother-in-law can provide all of the assistance that she requires as a result of her medical disability.

The sponsors are available to speak with you by phone as well. Their number is 818 336 8886.

10/20/24, 12:19 PM                    Robert F. Kennedy Human Rights Mail - Updates on Ms. Brisian, Ermine, Currently Released from Detenti…

Case 2:24-cv-02519   Document 1-9   Filed 10/21/24   Page 41 of 46

Thank you and please let me know if you have any questions or need any additional information.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Jul 23, 2024 at 5:28 PM Sarah Gillman <gillman@rfkhumanrights.org> wrote:

Good afternoon,

Thank you for your email. I have communicated with the sponsors and should be able to send you the request information by tomorrow.

In the interim, can Ermine be given accommodations as a result of her medical needs as follows:

-provided a wheelchair

provided with meals in her dorm/unit

-provided with medical assistance to take a shower-she is very unstable and is not able to navigate the shower at the facility.

Thank you.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E: gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**

On Tue, Jul 23, 2024 at 2:54 PM McCullough, Brant L <Brant.L.McCullough@ice.dhs.gov> wrote:

Good Afternoon,

I will submit for another parole review, but I will need the following information to be

10/20/24, 12:19 PM      Re: Nersisian, Ermine Regis... | Mail - Courtney Lyn Cahill - Outlook | Ermine...Immediately Released from Detenti...

Case 2:24-cv-02519   Document 1-9   Filed 10/21/24   Page 42 of 46

considered a 'complete' parole request f[...]
review:

-Some sort of letter of support/affidavit
from the U.S. sponsor

-Copy of the U.S sponsors I.D.
document(s)

-Sponsor address/phone number

-Proof of sponsors debt to income ration
(to establish they can adequately provide
for subject)

Once I've received that information, I can
forward to our parole review team for
adjudication of the request.

Thank you.

Take Care,

**Brant McCullough**

Deportation Officer

New Orleans Field Office

Oakdale, LA Sub-Office

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

---

**From:** Sarah Gillman
<gillman@rfkhumanrights.org>
**Sent:** Tuesday, July 23, 2024 1:02 PM
**To:** McCullough, Brant L
<Brant.L.McCullough@ice.dhs.gov>
**Subject:** Re: Nersisian, Ermine 249 375
719

**CAUTION:** This email originated from outsi[...]
of DHS. DO NOT click links or open
attachments unless you recognize and/or tru[...]
the sender. Please use the Cofense Report
Phishing button to report. If the button is not
present, click here and follow instructions.

Hello,

Attached is a G28 that I am submitting.

Do you need any additional information to
review the parole request? I am also able to
resubmit under cover of my office's letterhead

As I set forth in my email to Deputy FOD
Ladwig, Ermine is in urgent need of assistance
and because of her disability and the fact that
she has a family sponsor in the United States
we are requesting that she be released from
ICE custody. Her family is able to speak
with you, is able to purchase a plane ticket an[...]
is able to provide a home and obtain the
medical care that Ermine needs.

Thank you and please let me know if you have any questions or need any additional information. For ease of reference I am attaching the emails that I sent to DFOD Ladwig.

Sarah.

**Sarah T. Gillman**

Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation

Robert F. Kennedy Human Rights

E:  gillman@rfkhumanrights.org

W: rfkhumanrights.org

Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.
TEACH CHANGE.
SHAPE HISTORY.**

On Mon, Jul 22, 2024 at 1:58 PM Sarah Gillm <gillman@rfkhumanrights.org> wrote:

Good afternoon

Thank you for your email

I am going to forward the documents that th family understood another attorney submitted

The sponsors are her sister and brother in law

Their phone number is 818 336 8886

Her sister's name is Vardui Nersesyan

Her brother in laws name is Hamlet Grigoryan

Thank you

Sarah

Sent from my iPhone

On Jul 22, 2024, at 8:17 AM, McCullough, Brant L <Brant.L.McCullough@ice.dhs. gov> wrote:

Good Morning,

I am the case officer for Ms. Nersisian.  I am not in receipt of a G-28 or formal parole request.  I know a parole review was done initially and a parole interview was conducted following USCIS issuance of the form I-862.  If you would forward those documents to my attention, I can have her case reviewed again for parole.

Thank you.

Take Care,

**Brant McCullough**

Deportation Officer

New Orleans Field Office

Oakdale, LA Sub-Office

Enforcement and Removal
Operations

U.S. Immigration and Customs
Enforcement

<image001.jpg>

**8 attachments**

 **image001.jpg**
6K

 **image001.jpg**
6K

 **image001.jpg**
6K

 **image001.jpg**
6K

 **image001.jpg**
6K

 **image001.jpg**
6K

 **image001.jpg**
6K

 **image001.jpg**
6K

10/20/24, 12:26 PM    RFK Human Rights Mail - URGENT: ERMINE NERSISIAN A-Number: 24937571-Medically Disabled Woman Denied Access t…

Case 24-cv-02519    Document 9    Filed 10/21/24    Page 45 of 46



Sarah Gillman <gillman@rfkhumanrights.org>

---

## URGENT:   ERMINENERSISIAN A-Number: 24937571-Medically Disabled Woman Denied Access toAccommodations and In Need of Medical Care, Wheelchair and Not to Be Subjectedto Treatment that is Adverse to Her Disability

**Sarah Gillman** <gillman@rfkhumanrights.org>                              Fri, Jul 19, 2024 at 12:15 PM
To: Scott G <Scott.G.Ladwig@ice.dhs.gov>
Cc: Sarah Decker <decker@rfkhumanrights.org>, Andrew Perry <aperry@laaclu.org>

Dear Scott:

I am writing to you about ERMINE NERSISIAN ("Ermine") A-Number: 24937571 who is detained at the South Louisiana ICE Processing Center (Basile).  On this date, RFK Human Rights conducted a legal screening legal call with Ermine and during the call she relayed that she is in urgent need of assistance and therefore I am sending this email to you.

Ermine relayed as follows:

· She has been in the custody of ICE for approximately three months
· She does not speak English. She speaks Russian
· She was transferred to Basile approximately one month ago.
· She has a medical disability that impacted her ability to walk and has resulted in her bones being brittle and breaking. During the call with Ermine it was clear that she was in pain and was crying.
· On July 18, 2024, she had a court hearing and requested that Basile provide her with a wheelchair because she is in excruciating pain and is not able to walk.
· Basile refused to provide her with a wheelchair and relayed that if she can go to the bathroom then she can walk to court. She was crying as she relayed this story and continues to be in excruciating pain.
· Since she has been detained, Ermine has not received the necessary and critical care for her medical disability and has not received any accommodations.
· She was given painkillers and an x-ray was taken. She understood from a medical provider that she would be given additional medication and treatment but has not received it.
· Because of her medical disability it is extremely painful for her to walk and has not been provided with any type of assistance in the form of a wheelchair or any accommodation. In addition to what happened yesterday with court, Ermine has also repeatedly told Basile that it is extremely painful and difficult for her to walk to the dining room/unit at Basile and requested a reasonable accommodation that her food be brought to her but this has been refused.

Upon information and belief, Ermine's sponsor information has been provided to ICE. If Ermine's sponsor information has not been provided to ICE, we can follow up with that information and would request that she be released from detention.

We are sending this email now to request immediate assistance given the foregoing.

Thank you and please let me know if you have any questions.


Sarah.

**Sarah T. Gillman**
Director of Strategic U.S. Litigation

U.S. Advocacy & Litigation
Robert F. Kennedy Human Rights
E:  gillman@rfkhumanrights.org
W: rfkhumanrights.org
Twitter | Facebook | Instagram

**EXPOSE INJUSTICE.**
**TEACH CHANGE.**
**SHAPE HISTORY.**