EXHIBIT 3



July 25, 2024

U.S. Immigration and Customs Enforcement
1250 Poydras Street
New Orleans, LA 70113

## REQUEST FOR RELEASE OF ERMINE NERSISIAN
## ALIEN REGISTRATION NUMBER: 249 375 719

    Re: Ermine Nersisian
    Alien Registration Number: 249 375 719

Dear U.S. Immigration and Customs Enforcement:

Robert F. Kennedy Human Rights ("RFK Human Rights") submits this request for release on behalf of Ermine Nersisian ("Ermine"). A G28 is attached.

Ermine is neither a flight risk nor a danger to the community. Ermine came to the United States to seek safety and apply for asylum. If release from detention, Ermine will go to live with her sister and brother-in-law in North Hollywood, California. *See* Exh. 1, Letter from Hamlet Grigoryan dated July 24, 2024, brother-in-law of Ermine and attachments thereto ("Sponsor Letter"). As is set forth in the Sponsor Letter, Ermine can live with her sister and brother-in-law in their home in California and as is demonstrated from their bank statements there is sufficient income to be able to support Ermine. Ermine's family will also be able to provide assistance with her medical needs. Ermine's medical disability impede her daily living. It is extremely painful for Ermine to walk and she is not able to take a shower without assistance due to the fact that her medical disability makes it difficult to maintain stability while in the shower. If Ermine is released, her sister and brother-in-law can provide all of the assistance that she requires as a result of her medical disability.[1] Release of Ermine is a reasonable

---

[1] Section 504 of the Rehabilitation Act ("Section 504") prohibits discrimination on the basis of disability in programs or activities conducted by executive agencies of the United States. 29 U.S.C. § 794. This provision not only incorporates key language from the Civil Rights Act of 1964 but goes further—it imposes an affirmative obligation on public entities to reasonably modify their rules, policies and practices, in order to make benefits, services and programs accessible to people with disabilities. *See Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189, 196–97 (2d Cir. 2014). Individuals are entitled to accommodation under Section 504 if they have a disability—a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). This is a reasonable and necessary accommodation and is neither a "fundamental alteration" nor an "undue financial or administrative burden." *Alexander v. Choate*, 469 U.S. 287, 299-300, 302 n.21 (1985). A fundamental alteration is one that changes an "essential aspect" of the program. *Cf. PGA Tour, Inc. v. Martin*, 532 U.S. 661-663 (2001) (discussing the distinction between a fundamental alteration and peripheral features of a program for a disabled golfer requesting the use of a golf cart). *See also, In Henrietta D. v. Giuliani*, 119 F. Supp. 2d 181, 212 (E.D.N.Y. 2000), *aff'd sub nom. Henrietta D. v. Bloomberg*, 331 F.3d 261 (2d Cir. 2003) a district court held, and the Second Circuit affirmed, that "intensive case management and low case manager-to-client ratios" and other similar reasonable modifications were required to ensure people with HIV had meaningful access to the same benefits and services others received. Both the district court and the court of appeals expressly rejected the claim that these management modifications constituted "additional benefits, or better benefits, than the non-disabled receive, which the law does not compel." Rather, they were reasonable modifications "required to ensure meaningful access to the same benefits and services" as non-disabled people received.



accommodation for Ermine.

Ermine has every reason to comply with all Court and immigration dates because she came to the United States for safety and to apply for asylum. Ermine is also not a danger to the community. Ermine's detention is for the purposes of immigration.
There is therefore no basis to conclude that he is a danger to the community.

If ICE determines that it will set a bond amount in additional in granting release, the amount of the bond should be the $1500.00. Due process requires consideration of a noncitizen's ability to pay a bond. *Maldonado v. Macias,* 150 F. Supp. 3d 788, 812 (W.D. Tex. 2015). at 990 (*Pugh v. Rainwater*, 572 F.2d 1053, 1058 (5th Cir. 1978) (en banc)) ("appearance at trial could reasonably be assured by one of the alternate forms of release.") Courts have also held that due process requires that a bond order be reasonable and "low enough that the noncitizen is able to meet it." *Machado v. U.S. Immigr. & Customs Enf't,* No. 06CV1276, 2007 WL 2251850, at *1 (W.D. La. Aug. 1, 2007) ("[B]ond which is a condition of release must be reasonable and 'appropriate in the circumstances.'") (quoting *Shokeh v. Thompson,* 369 F.3d 865, 871); *Martinez v. Holder*, No. CV 1-11-098, 2011 WL 13340802, at *1 (S.D. Tex. June 14, 2011), report and recommendation adopted sub nom. *Eduardo Martinez v. Holder*, No. CV B-11-098, 2011 WL 13340803 (S.D. Tex. July 20, 2011) (same). The United States Court of Appeals for the Fifth Circuit has previously held that "when a bond is one of the conditions of release, that bond must be reasonable and 'appropriate in the circumstances,'" and has acknowledged that "bond that has the effect of preventing an immigrant's release because of inability to pay" can result in potentially permanent detention and is therefore "presumptively unreasonable." *Shokeh*, 369 F.3d at 872.

If you have any questions or need any additional information, I can be reached at gillman@rfkhumanrights.org or by phone at (646) 289-5593 on my work cell phone at (929)656-1871.

Thank you.

Respectfully submitted,

/s/ Sarah T. Gillman
Sarah T. Gillman
ROBERT F. KENNEDY HUMAN RIGHTS
88 Pine Street, 8th Floor, Suite 801
New York, NY 10005
Tel.: (646) 289-5593
gillman@rfkhumanrights.org